No argument was had ; and the opinion of the Court was delivered by
Parker, C. J.
This case is distinguishable from the common cases of agents, factors, and commission merchants, to whom property has been intrusted for special purposes, and who have no right to exceed that authority. We do not question any of those cases, nor those which have decided that he, to whom property has been pledged, cannot transfer a title in such property to another.
We proceed upon the ground, that the plaintiff’s intestate had, by bis own act, together with the other members of the Mississippi Company, given a negotiable quality to these certificates, by first voting that they should be transferable by indorsement, and then putting his name on the back, and suffering them to go into the market with this transferable quality about them. It is not important to ascertain, whether, to all intents and purposes, they were legally as *91 signable or not; for it cannot lie in the mouth of him, who offers them to the world in this shape, to deny the effect of his own words and actions.
If Russell abused bis trust by pledging the certificates, instead ot holding them in trust for Jarvis, this is an affair to he settled between the representatives of those parties. The certificates being lawfully in the hands of Russell, with the name of Jarvis on the back, without any restriction of the use of that name ; and there being a vote of the company, in which Jarvis concurred, that they should be transferable in that manner ; it is enough for the defendant that he received them as collateral security for a debt, and that the debt has not been discharged. When that debt is *paid, or a legal tender thereof made, as he received them only to secure the debt, he will probably deliver the certificates to whomsoever they shall appear lawfully to belong.
Judgment according to the verdict.
[Jarvis vs. Rogers, 15 Mass. R. 105; Story on Bailments, § 322, et seq. — Ed.]