FRANKLIN SAFFORD *et al.*, Plaintiffs in Error, *v.* MICAH VAIL, Defendant in Error.

ERROR TO McHENRY.

Parties or privies to an usurious transaction, have the right to avail themselves of the defense.

A party to a note as surety, afterwards becoming principal to another note, covering the same with other indebtedness, with a different party, may set up the defense of usury, to the first note.

A party may take a judgment by *nil dicit*, to that portion of his demand not answered by a plea, even though a demurrer may have been filed, at any time during the term at which the plea is filed, if before final judgment, on payment of costs of the motion.

The judgments and orders of court and pleadings, should be embraced in the record; and if they are copied into the bill of exceptions, it will be at the expense of the party who has it done.

THE declaration contains, first, a count on promissory note, for $720, made by defendants payable to the order of plaintiff, and by him ordered to be paid to himself.   Note dated 5th February, 1857 : One year after date at ten per cent. after due. Also the common counts.

Pleas filed :

1st.   General issue by both defendants to whole declaration.

2nd.   As to $220 of said promissory note.   That the $720 note was given for $500, borrowed two years before, and twenty per cent. per annum, interest amounting to $220, and for no other consideration.

Defendants, by leave of the court, withdrew the general issue.

Plaintiff demurred to special plea, and defendants joined in demurrer.   Defendants then moved for judgment for a discontinuance.

Plaintiff entered cross-motion for judgment against defendants by default.

The court allowed the cross motion for judgment by default, but gave judgment for defendants for the *costs* of the cross-motion. The court also sustained the demurrer to the special plea, and

adjudges against defendants, the costs on demurrer. Also that plaintiff recover his damages.

The proofs were then submitted to the court, and the court assessed the plaintiff's damages at $738, and gave judgment for that amount and costs.

The errors assigned are:

1st. The court erred in sustaining the motion of the plaintiff below for default, after the defendants had applied for a discontinuance.

2nd. The court erred in giving judgment for part of the costs of said motions and not for the whole of said costs.

3rd. The court erred in sustaining the demurrer to defendants' special plea.

4th. The court erred in the assessment of damages without the intervention of a jury or the clerk.

5th. The court erred in assessing the damages in gross.

6th. The court erred in proceeding in the case without disposing of defendants' motion for a discontinuance.

7th. The court erred in not giving judgment for defendants below.

8th. The court erred in giving judgment in favor of plaintiff below.

Coon & Rogers, and T. L. Dickey, for Plaintiffs in Error.

Church & Kerr, for Defendant in Error.

Walker, J. The sustaining of the demurrer to appellant's special plea, is assigned as error. It was a plea of usury interposed as a defense to two hundred and forty dollars of the note sued on, in this cause. And it alleges that on the fifth day of February, 1856, appellee agreed with one Henry Stephens to loan to him five hundred dollars, and that Stephens should give his note for six hundred dollars; that in pursuance of such corrupt and usurious agreement, he executed his note due one year after date, with appellant, Franklin Safford, his security thereon, for that sum, in consideration of the loan of the said sum of five hundred dollars, the loan of which was the only consideration for such note. And that at the maturity of that note, it was agreed by and between Stephens and appellee, that further day of payment should be given to Stephens, of the six hundred dollars due by the terms of the note, for one year from that date, if the appellants would execute their note for the sum of seven hundred and twenty dollars, due in one year; that in pursuance of that agreement to forbear and give further day of payment, on the said sum of six hundred dollars, appellants executed

the note sued on, and that it was executed on that consideration and no other. The question presented by this plea is, whether the agreement set up, is in violation of our usury laws. The person borrowing the money and making the contract, as alleged by the plea, is not a party to the record. He was the principal in the first note, with Franklin Safford his surety, and the surety on that note, with Norman J. Safford, are the makers of the note sued on, and who interpose this defense.

It has been held, and the doctrine is believed to be correct, that the surety in a joint note may set up the defense of usury, and if necessary, file a bill to establish the defense, although the principal maker should refuse to join in the defense or become a party to the bill. *Morse* v. *Hovey*, 9 Paige, 197. Such a contract can only be avoided by the party who made it, or by some one standing in legal privity with him, and not by a mere stranger to the transaction. *Jackson* v. *Tuttle*, 9 Cow. 233. In the case of *Thompson* v. *Thompson*, 8 Mass. 135, where the facts were, that one Mitchell was justly indebted to Bennett in the sum of $190.73, and at the same time defendant was indebted to Mitchell in that or a greater sum. By arrangement, the defendant gave his note with an indorser, due in one year, to Bennett, for the amount of Mitchell's note with interest, and also paid Bennett, on the delivery of the note, a sum equal to three per centum upon the amount of the debt, when Bennett discharged Mitchell. The court held the transaction to be usurious. The court in delivering the opinion say, " In the case at bar, besides the legal interest of six per cent. per annum, reserved in the note, there was paid another sum, equal to three per cent. of the principal. There was, then, more than legal interest reserved by the note, and it thus became usurious and void by the statute."

This plea alleges that there was reserved as interest on the loan of five hundred dollars for one year, one hundred dollars, equal to twenty per cent. per annum. And on the renewal, an interest of twenty per cent. per annum was reserved on both the principal and former interest, amounting to one hundred and twenty dollars. Our statute only authorizes the taking or reserving an interest of ten per cent. per annum, and all over that amount in this case was usurious. And if the appellants were parties or privies to the transaction, they have the right to avail themselves of the defense. Franklin Safford was a surety to the first note, and is a party to this, and he has the right as such surety to set up the defense. And the appellants are both parties and privies to the usurious transaction for which the note sued on was given. They, as such, have the right to insist upon the statute as a defense to the interest reserved, and the pleas substantially present

a bar to that extent. The appellee has reserved twenty per cent. per annum, interest, when the statute has only authorized ten. And the fact that the appellants substituted this note for the one first given, does not purify the transaction of its usurious taint. The statute has forbidden the appellee from receiving more than ten per cent., and he cannot avoid its effect by indirection.

It is objected that the Circuit Court erred in permitting appellee to take judgment *nil dicit* for that portion of the cause of action not answered by this plea, after the demurrer was filed. In the case of *Warren* v. *Nixon*, 3 Scam. R. 38, this court held that where a plea professes to answer, and does only answer, a part of the cause of action, and the remaining portion is unanswered, and the plaintiff demurs or replies to the plea, it works a discontinuance. But that the plaintiff shall be permitted, at any time during the term at which the plea was filed, and before final judgment is rendered, to correct his mistake by taking judgment *nil dicit*, for the portion unanswered, on the payment of costs. This case is decisive of that question.

It is likewise insisted that the court erred in permitting appellee to take judgment *nil dicit* on the payment of the costs only of the motion. This we think was correct.

It is not correct practice, to set out the pleadings in the case, in the bill of exceptions. Nor should the judgment and orders of the court be embraced in it, nor exceptions to judgments on demurrer. They tend to burthen the record and increase the expense of the transcript, without any benefit. When the pleas and orders appear in the record, that is sufficient without their again appearing in the bill of exceptions.

The judgment is reversed and the cause is remanded, and the plaintiff in error will pay the costs of embodying the judgment, orders and pleadings in the cause unnecessarily copied into the bill of exceptions, and defendant in error the balance.

*Judgment reversed.*