GEORGE M. HADDEN, Appellant, *v.* PETER INNES *et al.*, Appellee.

APPEAL FROM THE COURT OF COMMON PLEAS OF THE CITY OF AURORA.

Under a plea of set-off, a defendant cannot establish usury. Such a defense should be made by a direct plea.

If a party voluntarily pays a principal sum and any usury upon it, the matter is ended, under our statute.

THIS declaration is in assumpsit, and contained one special count on the following note, to wit:

$561.                                          *Aurora, June 13th,* 1857.

One year-after date, we promise to pay to the order of George M. Hadden, five hundred and sixty-one dollars, value received, with ten per cent. after due.

And also the common counts and account stated, *ad damnum,* $1,000.

The defendants filed the plea of general issue in due form, and a plea of set-off in the usual form, and the latter stated (among other things) that the plaintiff before and at the time of the commencement of the said suit, to wit, at the city of Aurora, aforesaid, was and still is indebted to defendants in a large sum of money, to wit, the sum of $500, for money by defendants before that time lent and advanced to, and paid, laid out and expended for plaintiff, at his request; and for other money by plaintiff before that time had and received to and for the use of defendants; and for other money due and owing from plaintiff to defendants for interest, upon and for the forbearance of divers large sums of money, due and owing from him to them, by them forborne to him for divers long spaces of time before then elapsed, and at his request; and for other money due and owing from plaintiff to defendants uponaccount stated, etc.; with the usual conclusion to their plea of set-off.

To the said plea a replication was filed, to which was added the usual similiter.

At June term, 1859, PARKS, Judge, presiding, a jury found the issues joined for plaintiff, and assessed his damages at $598.71, and the defendants entered their motion for a new trial, which was denied. Judgment upon the verdict was rendered by the court. Defendants below prayed an appeal in this cause.

On the trial of the cause, the plaintiff, to maintain the issue on his part, read to the jury a promissory note, of which the following is a copy, to wit:

$561.                                          *Aurora, June 13th,* 1857.

One year after date, we promise to pay to the order of George M. Hadden, five hundred and sixty-one dollars, value received, with ten per cent. after due.

(Signed)                          PETER INNES.
                                      A. SPAULDING.

On it there was and is the following indorsement: " Received the interest on the within note up to October 14th, 1858."

This was all the evidence introduced by the plaintiff.

Defendants then called a witness by whom they offered to prove that, on June 14th, 1858, at the city of Aurora, Illinois, it was agreed between the plaintiff and defendants, that the former should give the latter four months further time of payment of

the $561, in the note specified, that is, four months from the said 14th of June, 1858, inclusive. And that the defendants, in consideration of the forbearance of the day of payment of said sum for the four months as aforesaid, should pay to plaintiff $67.32, that is, three per cent. per month for four months. And that they should give their note to plaintiff for said $67.32, and make it payable sixty days after the date thereof. And that, June 14th, 1858, in the said city, in pursuance of such agreement, they gave their note to plaintiff for $67.32, payable to him, sixty days from its date, that it bore date June 14th, 1858, and that it was paid by them to him when it became due, that is to say, August 13th, 1858.

To the introduction of which evidence to the jury, for any purpose, the plaintiff, by his counsel, objected, for the reason that there was no plea to meet the proof, which objection the court sustained, and excluded the evidence from the jury, for the reason that there was no special plea to meet the proof.

The defendants then offered to prove the same facts by the witness, for the purpose of having the jury allow to them, either as an offset to, or as a payment so far, upon said note of $561, all of the $67.32, after deducting therefrom the legal interest on the $561, for the forbearance of the day of payment thereof, for the four months aforesaid.

Defendants offered to prove the said facts to the jury by said witness, so that the jury might allow to them, either as an offset to, or as payment, so far, upon said note, all the $67.32, after deducting therefrom six per cent. interest per annum on the $561, for the four months.

The defendants then offered to prove the said facts to the jury, so that the jury might allow to them either as an offset to, or as a payment so far, upon the said note of $561, all the $67.32, after deducting therefrom ten per cent. interest per annum on the said $561, for the said four months.

The defendants then offered to introduce to the jury, proof of the said facts, for the purpose of having the jury allow to them, either as an offset or payment so far, upon the note of $561, $48 of the $67.32, as being the excess over and above the legal interest on the $561 for the said four months.

The defendants then offered to prove the said facts to the jury by the witness, for the purpose of having the jury allow to them, as an offset on said note of $561, on which the suit was brought, $48.72 of the $67.32, as the excess over and above the legal interest on the $561 for the said four months.

The defendants then offered to prove the said facts to the jury by the said witness, so that they might allow to them, the defendants, as a payment so far upon said note of $561, of

$48.72 of the said $67.32, as the excess over and above the legal interest on the said $561, for four months aforesaid.

To the introduction of all which evidence the plaintiff objected, and the court sustained the objection, and excluded the evidence from the consideration of the jury.

There was a bill of particulars filed by defendants in the above cause, with the plea offset in the words and figures following, to wit:

GEORGE M. HADDEN, Dr.,

To ABIRAM SPAULDING and PETER INNES:

| | | |
|---|---|---|
| 1858. To Cash, | - - - - - - - - - - | $67.32 |
| To note, | - - - - - - - - - - | 67.32 |

MONTONY & SEARLES, for Appellants.

W. H. L. WALLACE, for Appellee.

CATON, C. J.  The only question in this case is one of pleading.  On a general plea of set-off, for money had and received, etc., the defendant offered to prove that he had paid usurious interest on the note.  Had he filed a special plea, setting out the facts which he offered to prove, we presume it will not be questioned that he might have had the interest thus paid deducted from the principal of the note.  Else nothing could be more easy than to evade the statute of usury.  Whenever the usurious interest is paid in advance, the statute would become a dead letter.  Such is not the true spirit of that law; it cannot be thus evaded, weak as it no doubt is, and comparatively innocent of injury to the usurer.

But it is insisted by the defendant that the usurious interest which he has paid might at any time be recovered back, as for money paid and advanced, or for money had and received; and that having such a demand against the plaintiff, he had a right to set it off in this action.  If the premise is correct, the conclusion follows.  Whether that be right, depends on the statute of usury.  It is this: "If any person or corporation in this State shall contract to receive a greater rate of interest than ten per cent. upon any contract, verbal or written, such person or corporation shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due such person or corporation."  It is manifest that the legislature had no intention of giving a cause of action to the person who has paid usury and fails to make the defense, when sued for the debt upon which the usury has been paid, or agreed to be paid.  If he voluntarily pays the principal sum due, and the usury agreed to be paid upon it, that is an end of the matter so far as

this statute is concerned. Suppose the party sued upon an usurious note fails to make the defense authorized by statute, but suffers judgment to go against him for the principal and the usurious interest, and pays it; the statute gives him no right to recover back the interest thus paid; and yet he can have no greater right where he pays it voluntarily. It was manifest that it was only the intention of the legislature to furnish a shield for defense and not a weapon for attack, by the passage of this act, and that defense should be made in a legitimate way, according to the well-settled rules of pleading.

The judgment must be affirmed.

*Judgment affirmed.*

WALKER, J., *dissenting.* I am in this case unable to concur in the opinion of the majority of the court. While it is undeniably true, that many decisions of the courts of this country may be found, which hold that usury, to be available as a defense, must be relied upon by plea, yet it is believed in every case, it was only because the statute under which the decision was made, had required it to be pleaded. At the common law, the defense might, in actions of assumpsit, and debt on simple contract, be made under the general issue. 1 Chit. Pl. 477. But this rule of the common law was changed by the fourth section of the interest law of 1845, which required the defense to be made by plea. But since subsequent legislation has repealed that requirement, and has not prohibited the defense under the general issue, I am constrained to believe that the common law practice should obtain.

The majority of the court hold that the note in this case, which was given alone for usurious interest, would have constituted a defense to the extent of the sum paid upon it, had it been made under a plea of usury, whilst it could not be set off against a recovery. In general, all debts and demands which are liquidated, and owing by the plaintiff to the defendant, and which may be recovered under the common counts, can be set off, by plea in the nature of a cross-action. This then raises the question whether the excess of usury paid over the legal rate of interest may be sued for and recovered, in indebitatus assumpsit, for money had and received.

So far as I have been able to find, the British courts have unanimously held that it may be so recovered. *Browning* v. *Morris,* Cowp. R. 790; *Smith* v. *Bromley,* 2 Douglass R. 696, notes; *Williams* v. *Hedley,* 8 East, 378; *Fitzrary* v. *Gwillim,* 1 T. R. 153; *Astley* v. *Reynolds,* 2 Strange, 915; Chit. Cont. (8th Am. from 4th Lond. Ed.) 550, and authorities there cited. And many of the American courts have, without any qualification,

25

adopted the same rule. *State* v. *Ensminger*, 7 Blkf. R. 105 ; *Smead* v. *Green*, 5 Porter Ind. R. 308 ; *Bunts, Ex'r*, v. *Tivebaugh*, 12 B. Mon. 87; *Parchman* v. *McKinney*, 12 Smedes & Marsh. 631 ; *Wheaton* v. *Hibbard*, 20 J. R. 290 ; *Boardman* v. *Roe*, 13 Mass. 105 ; *Miller* v. *Green*, 2 N. Hamp. 333 ; *Grow* v. *Albee*, 19 Verm. 540.  I might multiply authorities on this point but deem it unnecessary, as these, so far as I have been able to discover, are unopposed, and have not been overruled. As far as the weight of judicial determination can do so, I think it has determined the question that the action may be maintained, as a common law remedy.  This seems to my mind to be in conformity to principle, and supported by the analogies of the law.

This case does not fall within the rule that parties *in pari delicto*, cannot recover.  The act of agreeing to, or paying usurious interest involves no turpitude, and is not like the agreement to perform an act *malum in se*.  Nor is it within the policy of those statutes which prohibit acts which are immoral, or against good policy.  But the object of the statute is to prevent one class of community from oppressing another, having from their situation the power in a great measure to exact their own terms, however hard, from those with whom they deal.  It is only prohibitory, imposing no penalty.  If it did, however, it is not the penalty which creates the offense or renders the act unlawful.  It is the statute which prohibits the entering into the contract.  And when money has been received which it prohibits, no legal title or right to retain the money can be shown.  It has been acquired in direct violation of the law, and the title is still in the debtor who paid it, and he should be permitted to recover it, precisely as if he had acquired it from any other person, by an action for money had and received.  And when money may be thus recovered, it may undeniably be set off, against a demand of the plaintiff.

This action for money had and received, has, by Lord Mansfield and other judges, been said to depend upon equitable principles.  And that it lies, whenever one person obtains money of another, which he in equity and good conscience has no right to retain.  That usury, paid for the forbearance of the payment of money may be recovered, and its collection prevented in equity, seems to be well settled in the courts both of Great Britain and this country.  In fact, I am not aware of any case which has denied the chancellor's power to assume jurisdiction over the question. This, then, if Lord Mansfield is correct in saying that it is an equitable action, would seem to give the right of recovery.

From these considerations, I am irresistibly impelled to the conclusion that the demurrer should have been overruled, and that the judgment of the court below should be reversed.