LOREN PERKINS, Plaintiff in Error, *v.* WILLIAM CONANT, Defendant in Error.

ERROR TO KANE.

A mortgagor cannot maintain an action to recover usurious interest collected by the sale of his property under a power of sale in the mortgage. That the payment was involuntary will not help the mortgagor.

THE plaintiff below, Loren Perkins, commenced his suit against the defendant in the Kane Circuit Court, in an action of trespass on the case upon promises, and filed his declaration at the May term, 1861, for money had and received. The declaration contains one special count and the usual common counts. Damages laid at $800.

Defendant plead the general issue ; the case was tried at February term, 1862, before the court, a jury having been waived by both parties. The court rendered a judgment for defendant. Plaintiff excepted, and moved for a new trial.

J. H MAYBORNE, for Plaintiff in Error.

PLATO & SMITH, for Defendant in Error.

The payment in this case, if any, was voluntarily made, and as such cannot be recovered back. 24 Ill. 381 ; 4 Johns. 240.

There being no money received by the defendant, and there being no agreement to consider the property received as money, the action for money had and received cannot be sustained. 2 Stark. Ev. 62 and notes ; 2 Green. Ev. 106.

By the action for money had and received, the party can only recover that which legally or equitably and in good conscience he ought to recover from the defendant. 2 Greenl. Ev. 10.°

WALKER, J. This record presents the question whether the mortgagor may maintain an action to recover back usurious interest, collected by a sale of the mortgaged premises, under a power of sale contained in the mortgaged deed. It appears, that one hundred and forty dollars of usury was inserted in the note, which, with ten per cent. interest thereon for two years, would amount to the sum of one hundred and sixty-eight dollars of usury received by defendant in error. Something more than two years after the maturity of the note, the mortgagee proceeded to sell the land, had it bid off by Acres, conveyed it to him, and then received from him a reconveyance of the premises from Acres to himself. Whether defendant in error strictly pursued his power in making the sale so as to pass the title, is a question not now before the court. Whether he as a trustee could become a purchaser at a sale of the trust property, by employing an agent to bid it in, and whether a purchaser from him, if he had no such power, would take the title, are questions not now necessary to be determined.

In the case of *Haddin* v. *Innis*, 24 Ill. 381, the majority of the court held that usurious interest cannot be recovered back after it has been paid, nor set off against a different demand from that upon which the usurious interest was paid. This is regarded as the settled doctrine of the court. The question is then presented whether the same rule applies to involuntary payments or forced collection. If collected under a judgment or decree, there can be no question that the debtor would be estopped from recovering it back, his only means of avoiding the effect of his agreement for its payment being by a defense to a recovery on the debt upon which it had been paid. When it was collected in this case, it was by virtue of authority emanating directly from himself, to make the sale for the purpose. The sale having been made

by authority from himself, it must be regarded as with his assent, and as his own voluntary act, as though he had made the sale in person, and then paid the money. There was no coercion in executing the power authorizing the sale, and as it was permitted to be executed and carried out by a sale of the property, however much against the wishes of the debtor at the time, there can be no cause of recovery.

Some stress was placed upon the fact, that plaintiff in error had made an effort to obtain an injunction to restrain the sale, which was refused by the master. And that he was prevented from applying to the judge of the Circuit Court for the purpose, by his absence from home. There is nothing in the record from which it appears that he presented such a case as warranted the granting an injunction. But even if it did appear, a court of law is powerless to afford equitable relief.

The judgment of the court below must be affirmed.

*Judgment affirmed.*