ROSWELL CARTER, impleaded, etc.,

*v.*

HIRAM P. MOSES.

39    539
102a ³ 56

1. USURY—*what constitutes—want of consideration.* Whether a note given for
past and not for future forbearance of money is usurious, was a question not
necessary to be considered in this case, but the court could not by any means
concede that such a distinction was important in regard to penalties under the
usury law. Such a note, however, would be regarded as having been given
without any consideration.

2. VOLUNTARY PAYMENT—*what constitutes.* Where the maker of a note,
which was alleged to have been given upon a usurious consideration, delivered
to the holder certain collaterals which the latter was to collect and apply upon
the notes, the money collected upon such collaterals was regarded as having
been voluntarily paid by the maker upon the note.

3. USURY—*whether it may be recovered back at the common law, under the act
of 1845, and the act of* 1857. Even conceding that, by the common law, usuri-
ous interest voluntarily paid could be recovered back, yet this court has
repeatedly held that it cannot be recovered back under our statute of 1857.

4. Nor could it be recovered back under the act of 1845, unless the remedy
was sought in the mode and within the time therein prescribed. That law
gave the right to recover threefold the usurious interest paid, by bill in
chancery, provided the bill was filed within two years from the payment.

5. And less than threefold might have been recovered by such bill within
the two years, but it cannot be held that, under the act of 1845, threefold the
usurious interest could be recovered back within the two years from its pay-
ment, and a less sum recovered after that period.

6. Nor under the law as it now exists is there any remedy in chancery
upon equitable grounds, as distinguishable from a legal right, to recover back
usurious interest voluntarily paid. The reason of the rule that parties cannot
call upon courts to undo their free and voluntary acts which have been fully
executed, applies with equal force to a court of chancery and to a court of law.

7. Should a creditor, however, obtain the payment of usurious interest by
fraud, or by means of oppression of his debtor, the rule would no doubt be
different.

APPEAL from the Superior Court of Chicago.

On the 30th day of January, 1861, Hiram P. Moses exhibited his bill in chancery, in the court below, against Roswell Carter, Seth Wadhams, J. Young Scammon, and another.

The facts upon which relief is sought are substantially as follows : About the 2d of March, 1853, Moses and Wadhams borrowed from Carter the sum of $3,000, and gave their note therefor, payable to Carter or order six months after date, with interest at ten per cent., and at the same time, to secure the payment of that note, executed a deed of trust conveying certain real estate to Scammon, who was authorized to sell the property on default in the payment of the note, and on applica-. tion of the holder, upon giving certain specified notice.

On the 8th of March, 1853, Moses and Wadhams gave their promissory note for the sum of $1,500 to F. T. & C. D. Flagler, payable two years after date, with interest at six per cent., secured by a mortgage upon the same premises embraced in the trust-deed ; and of this note Carter also became the holder about the 7th of June, 1853.

On the 2d day of March, 1855, Moses and Wadhams executed to Carter another note for the sum of $2,367, payable ten days after date, with ten per cent. interest.

The consideration of this last note was interest on the other two notes, computed at the rate of two per cent. a month from the time Carter had held them, respectively. At the time of giving the note for $2,367, and to secure the same, as well as a balance due upon the other notes, Moses assigned and delivered to Carter a large number of notes and checks, of different dates and amounts, from different persons, amounting in the aggregate to $4,888.81.

Of these collaterals Carter collected, up to the 2d of May, 1855, a sum sufficient to satisfy the note for $2,367, which he applied for that purpose, and an additional sum which he applied upon the other notes, which, with other payments that had been made upon those notes, reduced the amount, but left a considerable balance still due, as Carter insists ; and to enforce the pay-.

ment of such alleged balance, he had requested Scammon, the trustee, to proceed to sell the premises mentioned in the deed of trust, and Scammon thereupon gave notice for that purpose. Moses filed this bill in chancery to enjoin Scammon from proceeding with the sale, and for an account of the moneys received by Carter upon the several notes mentioned, and prays that the moneys so received should first be applied to the payment of the two notes for $3,000 and $1,500, and that he should have a decree for the overplus, alleging that the note for $2,367 was wholly usurious and void.

Upon the hearing the court entered a decree, finding that the notes for $3,000, and for $1,500, and the note for $2,367, so far as the same had any legal foundation, had been fully paid, and ought to be given up to be canceled, the balance of them due from said Moses having been paid out of the moneys collected by Carter upon demands assigned to him by Moses as in said bill alleged; also, that there is a balance of $570 due from Carter to Moses growing out of said assigned demands and orders; that Scammon within five days execute and deliver to Moses a good, sufficient release of said real estate; also, that Carter discharge said mortgage upon the record thereof upon said premises, and also deliver up said three notes for $3,000, $1,500, and $2,367, to be canceled, and that defendants be forever enjoined from setting up any claim by virtue thereof; also, that Carter pay to Moses $570, with the costs of suit to be taxed against him, and that execution issue therefor.

From that decree, Carter took this appeal. The questions presented are, first, whether the note for $2,367 was usurious, and, second, if so, whether Moses can recover back the amount voluntarily paid thereon.

Mr. A. E. WOLCOTT, for the appellant.

Mr. GEORGE HERBERT, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The conclusion is irresistible, from the pleadings and the evidence in this case, that the note for $2,367, given in March, 1855, was for the accruing interest on the notes for $3,000 and $1,500, computed at the rate of two per cent. per month to that date. It is urged by counsel for appellant that there is no technical usury in this tranasction, because, if this was the consideration of the note, it was given for past and not future forbearance of money. It is not deemed necessary to consider in this case whether such a distinction can be important in regard to penalties under the usury law. If, however, it was conceded that the note was not usurious, which we by no means concede, it was given without consideration, and, for the purposes of this case, the effect in either case would be the same.

The only other question presented by the record grows out of that portion of the decree which directs the repayment, to Moses, of the usurious interest actually received by Carter. It is the settled law of this court that such interest, when voluntarily paid, cannot be recovered back under the existing statute, and we are not inclined to depart from our former decisions. It is, however, insisted that those cases were actions at law, and that a different rule should obtain in chancery, on equitable grounds, apart from any statutory provisions. But if usury thus paid cannot be recovered back, in an action for money had and received, which Lord MANSFIELD said was like a bill in equity, we are unable to perceive upon what ground the repayment can be decreed on the equity side of the court. The reason of the rule applies with equal force in both tribunals, that parties cannot call upon courts to undo their free and voluntary acts which have been fully executed. *Hadden* v. *Innis*, 24 Ill. 381; *Tompkins* v. *Hill*, 28 id. 519. If, however, the creditor obtained payment of such interest by fraud, or by means of oppression of his debtor, the rule would be no doubt different.

It is, however, urged, that, as this transaction arose prior to the passage of our present interest law, which was enacted in 1857, the case should be decided as if the act of 1845 had not

been repealed, and reference is made to the cases of *Safford* v. *Vail*, 22 Ill. 327, and *Dooley* v. *Stipp*, 26 id. 89, in support of the position. The statute of 1845 authorized the recovery of threefold the amount of usurious interest actually paid. This is obviously a penalty, and if so, it may be doubted whether the court in these cases, sufficiently considered the effect of repealing such a statute upon the right to sue for the penalty. But we are saved the consideration of that question in this case, by the express language of the act of 1845. Assuming that this transaction is governed by that law, the appellee is not in a condition to invoke its aid. The sixth section, which gives the right to recover the penalty, requires the action to be brought within two years after the right accrues. In this case the right, if it ever accrued, did so in 1855, when the usurious interest was paid. No moneys were received by appellant after that year, and the uncollected collaterals were returned by him to appellee during that year. The bill was not filed until in 1861, and the right to recover back the usurious interest, if it ever existed, was lost, if in no other way, by lapse of time.

The decree is reversed and the cause remanded, with instructions to the court below, to render a decree in conformity with the decree appealed from, so far as relates to the surrender of the notes and the discharge of the incumbrances, but not ordering the repayment by appellant to appellee of the usurious interest received by the former. In this respect the decree appealed from is erroneous. Appellant will recover his costs in this court. Appellee his costs in the court below.

*Decree reversed.*

[The foregoing opinion was pronounced at the April Term, 1864. At the April Term, 1865, a rehearing of this cause was asked and refused. Upon the application for a rehearing]—

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In the petition for a rehearing, filed in this case by the apellee, it is urged that the court erred in assuming that the bill

.was framed with a view to recover the penalty provided for in the act of 1845. The court did not overlook the fact that the bill did not expressly ask for the penalty, but we have spoken of the provisions of that law in the foregoing opinion because the appellee, in his first printed argument, based his claim to recover back the usurious interest wholly upon that law. Even in his petition for a rehearing he devotes much of his space to showing that, these transactions having occurred while that statute was in force, he has a vested right, under it, to recover back the usurious interest. Now, nothing can be clearer than that, so far as he claims rights given by that statute, he must assert them within the time limited by it. The only right therein given to recover back usurious interest once paid is given by the sixth section. That section authorized the recovery back of threefold the interest, by bill in equity, and thereby recognized the right to recover back simply the usurious interest paid, if the complainant did not choose to ask for the penalty. But the right to recover the penalty was clearly lost by the repeal of the law, and the right to recover back the usury paid, so far as that right depended on the statute, and admitting it not to be a penalty, was to be exercised within two years from the time the usury was paid; and hence the propriety of the language used in the above opinion. ·Admitting that, by the common law, usurious interest can be recovered back, yet this court has three times decided, in the cases of *Hadden* v. *Innis*, 24 Ill. 381; *Tompkins* v. *Hill*, 28 id. 519, and *Perkins* v. *Conant*, 29 id. 185, that it cannot be recovered back under our statute of 1857. If that statute repealed the common law we are wholly unable to perceive why the statute of 1845 did not equally do so, unless the remedy was sought in conformity with its provisions. Indeed, there would be a stronger reason for holding that the rule of the common law was in force under the statute of 1857, which is wholly silent as to the recovery back of usurious interest, than under the statute of 1845, which provided, expressly, that it might be recovered back, but also provided in what time and manner the recovery should be had. That law gave the right

to recover threefold the usurious interest paid, by bill in chancery, provided the bill was filed within two years from the payment. Unquestionably less than threefold might have been recovered by such bill within the two years, but the legislature, without doubt, intended wholly to close this door of litigation, and prevent parties from undoing their voluntary acts, unless the remedy was sought within that time. We cannot hold that, under that law, threefold the interest could be recovered within the two years from its payment, and a less sum recovered after that period.

There is no inconsistency between our decision in this case and in the cases of *Safford* v. *Vail*, 22 Ill. 327; *Matthias* v. *Cook*, 31 id. 86, and *Dooley* v. *Stipp*, 26 id. 89. The first two cases, instead of being suits for the recovery back of usury, were suits upon the usurious notes, and the court held that the plea of usury was properly interposed, according to the law of 1845, in force when the contract was made. The case of *Dooly* v. *Stipp*, which is pronounced to be " on all fours " with this, is so far from being so that, although, like this, a bill to recover back usurious interest paid, and like this, not asking the penalty, unlike this, it was filed within the time allowed by the statute of 1845, as appears by the record which we have examined. The court expressly says, referring to the date of the contract, " by the law, as it then stood, the party who had paid interest could file a bill to recover it back, and by that law the rights of the parties must be determined." The right to recover is here expressly placed on the law of 1845.

That the money collected by Carter in this case, although collected upon collaterals deposited by Moses, is to be considered as money voluntarily paid by the latter, does not admit of doubt. It is in no wise distinguishable from the case of *Perkins* v. *Conant*, 29 Ill. 184, where the money was collected by the creditor under a power of sale in a mortgage.

As to what is said in the argument about the application of the money upon the $2,367 note, we must regard all the notes given by Moses & Wadhams as one transaction, and the money collected as voluntarily paid upon the legal debt and the note

for usurious interest. It was when this last note was given that the collaterals were delivered.

The petition for rehearing contains a very learned and ingenious argument, but we do not perceive the alleged contradiction in the past decisions of the court, and we prefer to apply the maxim of *stare decisis.*

*Rehearing refused.*