FRANCIS A. RIDDLE <i>et al.</i>

<i>v.</i>

LEVI ROSENFELD <i>et al.</i>

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. USURY—*whether recoverable back when whole debt is voluntarily paid.* Usurious interest once voluntarily paid on a note or contract which has been fully paid and surrendered, can not be recovered back either in a court of law or equity.

2. SAME—*in respect to distinct and separate transactions.* Where five notes were given, each for a distinct and separate loan, procured at different times, and a note secured by deed of trust was deposited with the holder as collateral security for their payment, and all such original notes were paid and taken up except one, which was assigned, together with the collateral, it was *held,* on bill to foreclose the mortgage by the assignee against a subsequent purchaser of the mortgaged premises and others, that usurious interest voluntarily paid on the four original notes so taken up could not be allowed

as a credit upon the remaining unpaid note, as the giving of the collateral did not convert these several notes into one transaction, but each remained a separate cause of action, the same as before.

3. MORTGAGE—*subsequent purchaser—application of payments—duty of holder of mortgage.* The holder of a note secured by deed of trust as collateral security, without actual notice of a subsequent purchase from the mortgagor, is not bound to act with reference to such purchaser's rights in applying payments as a credit.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. W. T. BURGESS, for the appellants.

Messrs. ROSENTHAL & PENCE, for the appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill, filed by Rosenfeld and Rosenberg, to foreclose a deed of trust executed by Samuel J. Walker to J. G. Rogers on certain lots in Chicago, to secure a note for $25,000, which was held as collateral security for a note of $7000, bearing date April 23, 1873, due in ninety days, and numbered 2729. Jenkins, assignee of Walker, and Riddle, a subsequent purchaser of the premises, were defendants in the bill. These defendants filed cross-bills to redeem, and for an account. The circuit court found the amount due on the $7000 note, and also on the note held as collateral security, and decreed a sale of the mortgaged premises in payment of the amount found to be due on the principal note. The defendants appealed to the Appellate Court, where the decree was affirmed, and to reverse that decision they have appealed to this court.

It appears from the evidence that appellees held against Samuel J. Walker five notes, which they had purchased from the International Bank of Chicago, which were as follows: No. 2783, for $5000, dated May 15, 1873, at ninety days;

No. 2894, for $7000, dated June 21, 1873, at ninety days; No. 2434, for $15,000, dated November 9, 1872, at fifty-seven days; No. 2729, for $7000, dated April 23, 1873, at ninety days; No. 2961, for $8000, dated June 12, 1873, at ninety days. Walker had pledged with the holders of these notes other securities to be held as collaterals, and the mortgage for $25,000 was taken as additional security for the payment of the five several notes above described. We shall not stop to comment upon the testimony in regard to the payment of these notes, but we are satisfied that the evidence fully establishes the fact that all of the notes had been paid before the filing of the bill, except No. 2729.

It is, however, contended by the defendants that usurious interest was charged and taken on all of the five notes, and although four of them may have been paid by Walker and taken up, still, as this is a proceeding to collect one of the notes, they are entitled to an accounting, and entitled to a credit on the note in suit of all the usurious interest taken on the other notes, with six per cent interest thereon from the time such interest was paid on each of the notes, and that the court erred in directing the master in chancery to state an account only on the $7000 note, rejecting all evidence of usury as to the other four notes. The fact is not denied that more than the legal rate of interest was paid on the four notes which had been taken up, and the same is also true in regard to the note No. 2729, which has not been paid. These five notes were all given for money loaned, and it will be observed that no two of them were given at the same date, nor are they in any manner connected, but each seems to be a transaction by itself—each note was given for a distinct loan of money, made at the time the note was executed. Under such circumstances can the usury, which has been voluntarily paid by Walker on four of the notes which have been paid and taken up, be set up as a defence to the action brought to collect the fifth note?

This question, as we understand it, has been settled by a number of decisions of this court against the position of appellants. In *Hadden* v. *Innes*, 24 Ill. 381, where a similar question arose, it is said: "It is manifest that the legislature had no intention of giving a cause of action to the person who has paid usury, and fails to make the defence when sued for the debt upon which the usury has been paid or agreed to be paid. If he voluntarily pays the principal sum due and the usury agreed to be paid upon it, that is an end of the matter, so far as the statute is concerned. Suppose the party sued upon an usurious note fails to make the defence authorized by statute, but suffers judgment to go against him for the principal and the usurious interest, and pays it, the statute gives him no right to recover back the interest thus paid; and yet he can have no greater right where he pays it voluntarily." In *Carter* v. *Moses*, 39 Ill. 539, the question arose, and it was held the same principle which prevented a recovery of usurious interest voluntarily paid, at law, applied where a remedy was sought in equity. In *Tompkins* v. *Hill*, 28 Ill. 519, the question arose, and it was held that where a party voluntarily pays a note and usurious interest, he can not have an action to recover anything back. Other cases to the same effect might be cited, but the law on the question is so well settled we do not regard it necessary to cite further authorities.

These five notes constituted five separate and distinct contracts, each one of which might have been the subject matter of a separate action to recover the amount due thereon, and whatever usury may have been paid on the four notes which have been paid and taken up, can not be relied upon as a defence to an action brought on the fifth note, for the reason that usurious interest once voluntarily paid upon a note or contract which has been fully paid and surrendered, can never be recovered back either in a court of law or a court of equity. The fact that these five several notes may have been

secured by the collateral note of $25,000, and mortgage, does not, in our judgment, affect the question. That collateral did not transform the five several and distinct notes into one debt or one contract, but each, after the collateral was taken, retained its individual character, the same as before. The collateral was a mere security for the several debts. Nor did the fact that money was collected from collaterals, and applied on the various notes, change their character from separate and individual debts or obligations to one single debt or obligation.

It is also urged, as the deed to Riddle was recorded October 24, 1873, appellees could not, after that time, apply, under the blanket agreement on the Bartlett note, two certain payments indorsed thereon. It does not appear that appellees had actual notice that Riddle had purchased the property, and without such notice they were not bound, under the facts of this case, to act with reference to his rights. The doctrine of *Iglehart* v. *Crane & Wesson,* 42 Ill. 261, we think, applies here.

We perceive no substantial error in the record, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER: I am unable to concur in the conclusion reached by the majority of the court in this case.

Mr. JUSTICE DICKEY also dissents.