Scroggin v. Brown.

LEONARD K. SCROGGIN

v.

J. R. BROWN.

USURY VOLUNTARILY PAID.—Usury voluntarily paid can not be recovered back. As the jury improperly allowed to defendant in error payments of usurious interest voluntarily paid by him in his settlements with plaintiff in error, the court below erred in not setting aside the verdict and granting plaintiff in error a new trial.

ERROR to the Circuit Court of Logan county; the Hon. C. EPLER, Judge, presiding. Opinion filed January 22, 1884.

Messrs. BEACH & HODNETT, for plaintiff in error; that a settlement fairly and honestly made is conclusive between the parties to it, cited Am. Ins. Co. v. Crawford, 89 Ill. 62; Stempel v. Thomas, 89 Ill. 146; 1 Story's Eq. Jur., § 111; Bradwell v. Bradwell, 1 Gilm. 604; Shafer v. Davis, 13 Ill. 397; Campbell v. Carter, 14 Ill. 291; Sibert v. McAvoy, 15 Ill. 109; Stover v. Mitchell, 45 Ill. 213; Rosenmuller v. Lampe, 89 Ill. 212; Nichols v. Bradsby, 78 Ill. 44.

Usury voluntarily paid can not be recovered back: Holden v. Innis, 24 Ill. 381; Tompkins v. Hill, 28 Ill. 519; Perkins v. Conant, 29 Ill. 184; Carter v. Moses, 39 Ill. 539; Manny v. Stockton, 34 Ill. 306; Ramsey v. Perley, 34 Ill. 504; Pitts v. Cable, 44 Ill. 103; Town v. Wood, 37 Ill. 512.

Where an old transaction is settled and closed and a new loan made, the borrower will not be allowed to set up usury in the former transaction as against the new loan: Puterbaugh v. Farrell, 73 Ill. 213; Parmelee v. Lawrence, 44 Ill. 405; Farwell v. Meyer, 35 Ill. 40; Booker v. Anderson, 35 Ill. 66; Saylor v. Daniels, 37 Ill. 331; Hunter v. Hatch, 45 Ill. 178; House v. Davis, 60 Ill. 367.

Messrs. BLINN & HOBLIT, for defendant in error.

DAVIS, J. This was an action brought to recover from defendant in error [the amount due on a promissory note, executed by him on the 7th of June, 1875, to Henry Fesler, and by the payee, at defendant's request, assigned to plaintiff in error. The note was drawn for $1,207.65, payable one day after date, with ten per cent. interest from date till paid.

On the back of the note was indorsed a credit of $100, paid on interest, June 10, 1876, a credit of $128, interest paid to Nov. 1, 1876, and a credit of $29.54, March 1, 1879.

Defendants in error plead the general issue and also filed special pleas of set-off and usury.

The record discloses that the three payments, indorsed on the note, were the only transactions between the parties in connection with the note after it was assigned to the plaintiff in error. But it seems that for several years before and after the execution of the note there were many transactions between the parties, but all wholly disconnected and independent of the note sued on.

The transactions referred to commenced in 1874, under an arrangement by which plaintiff in. error was to loan defendant in error money with which to buy cattle, pay expenses and for other purposes; and for such money loaned, defendant was to pay twenty per cent. interest, and when hogs or cattle were sold the money was to be paid over by the purchasers to the plaintiff in error.

Under this arrangement money had been borrowed by defendant from time to time, during thirteen years prior to the commencement of the litigation on the note in controversy. When the money would be borrowed, defendant in error executed his note for the sum obtained, with interest at the rate of ten per cent. per annum. When defendant in error sold hogs or cattle the return would usually be made to plaintiff in error. Sometimes, however, defendant in error would collect the money himself, and pay it over to plaintiff in error when the parties settled. Settlements were made between plaintiff and defendant three or four times a year, and

on such settlements the notes given by defendant in error would be paid and taken up, other money borrowed and new notes given for the same. On these transactions, twenty per cent. interest would be calculated and the amount allowed plaintiff in error in the settlements. From time to time, as the notes were paid off and given up to defendant in the settlements, he was told that plaintiff in error was charging him twenty per cent. interest on the notes.

On the 29th of March, 1878, the parties had a full settlement, and defendant in error gave plaintiff in error a chattel mortgage to secure him in the payment of all the notes he held against him at the time, that had in any way grown out of their cattle transactions. The notes straightened up the cattle deal in full.

On the 1st of March, 1879, defendant in error made a sale of the property mortgaged, and the parties then had another full and complete settlement of their dealings, and defendant in error paid off all the notes secured by said mortgage and the further sum of $29.50, which by agreement was applied as a payment of the note sued on.

On the trial below, the usurious interest claimed to have been paid from time to time in these transactions, was given in evidence to the jury as a defense to the note in suit, and the jury found a verdict for the defendant in error and assessed his damages at $153.02, for which amount the court gave a judgment against the plaintiff in error, to reverse which the case is brought to this court.

The jury evidently allowed the defendant in error most, if not all, the interest claimed to have been paid usuriously. That usurious interest was paid to plaintiff in error there can be no question. Three or four times a year during the thirteen years these transactions were in progress, the parties made full and voluntary settlements, and at these settlements ten per cent. interest in excess of the legal rate of interest was paid by defendant in error to the plaintiff. But these payments of usurious interest were voluntary, and it is the settled law of this State, that usury voluntarily paid can not be recovered back. Tompkins v. Innes, 24 Ill. 381; Ramsey v.

Perley, 34 Ill. 504; Carter v. Moses, 39 Ill. 539; Peddicord v. Connard, 85 Ill. 102.

These payments of usurious interest were therefore improperly allowed by the jury, and the court below erred in not setting aside the verdict and granting plaintiff in error a new trial. The judgment must therefore be reversed and the cause remanded.

Judgment reversed.