CASE 17—ACTION BY COLEMAN FARTHING AGAINST **J. C. CARTER** ON PURCHASE MONEY LAND NOTES.—MARCH 11.

# Carter v. Farthing.

APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

APPEAL—JURISDICTION—LIEN ON REALTY—USURY—CONNECTED NOTES —PAYMENT OF PART—LIMITATION.

Held:  1. The court of appeals has jurisdiction to review a suit on a purchase money note in which is sought the enforcement of a vendor's lien, though the amount in controversy is less than $200.

2. Where three purchase money notes were executed for land, all of them tainted with usury, and two have been fully paid more than a year before suit on the third, usury paid on the first two can not be allowed as a credit to defendant, under the statute providing for recovery of usury within one year from payment made.

ROBERTSON & THOMAS, FOR APPELLANT.

POINTS AND AUTHORITIES CITED.

1. The amount of money assumed to be paid is one entire debt from the time it is agreed to be paid, notwithstanding it may be divided up into aliquot parts maturing at different times. Beard v. Hopkinsville, 95 Ky., 239; 44 Amer. S. R., 222.

2. As long as any part of a debt remains unpaid, usury previously paid may be credited upon the remainder, no matter how long the usury has been paid. 4 Ky. Law Rep., p. 617; 88 Ky., 199; 95 Ky., 512; 12 Ky. Law Rep., 489 (Rudd v. Anderson); 1 Duvall, 48, (Ellis v. Brannin); 19 American Report, p. 31.

3. This court has jurisdiction of this case, because a lien is attempted to be asserted on land, notwithstanding the amount in controversy, is under $200. 23 Ky. La Rep., 381. (Smith's Admr. v. Catlin.)

R. E. JOHNSTON AND JAMES WEBB, ATTORNEYS FOR APPELLEE.

As stated in appellant's brief, only two questions arise on this appeal.

1. Whether this court has jurisdiction of the appeal the amount of usury claimed being less than $200.

There is no dispute about the title to the land, but merely an action to enforce a lien thereon and the dispute is as to the amount of the debt, and that being less than $200, it seems to us that the letter of the law should apply, and this court should not legislate jurisdiction to itself.

2. Appellant contends that the entire indebtedness being $1,300, and all paid but the last note, the former two having been paid more than a year before the institution of this suit or the filing of defendant's answer, that all usury paid on any of them was a proper credit on this note sued on, and no limitation cuts off the former usury paid. Our contention is that the case of Sutherland v. Owensboro Bank, 8 R., 431, is directly in point, and is decisive of this case, and no authority in Kentucky speaks to the contrary.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

On the 6th of October, 1887, appellee sold and by deed conveyed to appellant three parcels of land, aggregating 126 acres, situated in Graves county, Ky., at the agreed price of $1,650. Three hundred and fifty dollars of this sum was immediately paid by appellant, and he executed three several notes for the remainder of the consideration as follows: Two of $500 each, due January 1, 1889, and January 1, 1890, respectively, and one of $300, due January 1, 1891; all to bear interest from January 1, 1888, until paid, at the rate of 8 per cent. per annum. Appellant made annual payments of interest at the rate of 8 per cent. on all three of the notes for several years, and finally paid the principal of the first and last notes, but on October 28, 1901, this action was instituted by appellee in the Graves circuit court

Carter v. Farthing.

on the second note of $500 which became due January 1, 1890.

The answer filed by appellant sets forth his purchase of the land from appellee, the payment of the $350 by him, his execution of the three notes for the remainder of the purchase money, and the further fact that he had paid the first and last of the notes after their maturity, respectively, with 8 per cent. on each from January 1, 1888, until paid, and also that he had paid from January 1, 1888, to June 1, 1901, 8 per cent. on the note sued on, and $100 in addition on August 15, 1898, for which last payment appellee had failed to give him credit on the note.

The answer contains the further averment that the appellant should be credited on the note sued on by all interest in excess of 6 per cent. paid thereon, as well as by the excess over 6 per cent. paid on the notes that had been satisfied by him, on the ground that such excess was and is usurious, and that appellee had no legal right to exact usury of him.

Appellee filed demurrer to the answer, and at the same time entered motion to require appellant to make it more specific.

The lower court sustained the motion to make the answer more specific, and when an amended answer was tendered by appellee in compliance with the order of the court in that particular, permission to file the same was refused. The court thereupon sustained the demurrer to the original answer, and rendered judgment in appellee's favor for the amount due on the note sued on, less the usury that had been paid thereon, and the $100 with which appellant had not been credited; also decreed the enforcement of the lien retained in the deed, and a sale of enough of the land thereby conveyed to pay appellee's debt and costs, but refused

to allow him credit for any of the sums of usury that had been paid by him on the other two notes. From this judgment of the lower court appellant has appealed.

There are but two questions presented by the record for our consideration, viz.: First, has this court jurisdiction of the appeal? Secondly, did the lower court err in refusing to credit the note sued on with the sums of usury that were paid by appellant upon the two notes discharged by him?

It is contended by counsel for appellee that the appeal can not be entertained by this court, because the aggregate amount of the usury paid by appellant upon the two notes that have been satisfied, and for which he now asks credit, is less than $200. We are unable to sustain his contention, for the reason that this court has more than once decided the point otherwise. Its most recent deliverance in regard thereto may be found in Smith's Admrs. v. Catlin, etc. (23 R., 381), 63 S. W., 473, wherein it is said "this court has been uniformly holding for a number of years that where a lien is asserted upon land, the title to it is brought in controversy, regardless of the amount of the claim asserted or adjudged; whether this court was in error in so holding it is too late now to consider." It therefore follows that the motion to dismiss the appeal must be overruled.

In considering the second and only remaining question involved in this appeal, we take it for granted that the lower court refused in its judgment to credit appellant by the sums of usury which he paid on the two notes discharged by him, because his demand for such credit was not made for more than a year after the payment of the notes—that is, beyond the statutory period in which usury may be recovered of the payee by the payor—and we are constrained to hold

that this conclusion of the lower court is sustained by the law.

It is contended, however, by counsel for appellant, that the entire sum of $1,300, for which the three notes were given, constituted but one debt contracted for the land, and the three notes only evidenced that one debt, though dividing the periods as to which each particular part of it would have to be paid by appellant, and that as long as any part of the debt remained unpaid all usury paid on any of the notes could be applied as payments thereon. We are unable to find that this view of the law is supported by any of the authorities cited in the brief of counsel for appellant.

It has, however, been repeatedly held in this State that usury can not be recovered after the expiration of a year from the time of the extinguishment of the debt upon which it was paid, and in Sutherland v. Owensboro Savings Bank, 8 Ky. Law Rep., 431, it was held by the superior court that "where separate obligations, or bonds, are executed by a debtor at the same time, to the same obligee, payable at different times, each constitutes a separate and distinct debt, and, one of them having been paid off, with usury, the fact that the others remain unpaid will not extend the time in which the debtor may sue to recover the usury paid on the first bond; therefore, in an action upon the bonds remaining unpaid, the debtor will not be entitled to a credit for usury paid on the first bond, more than one year having elapsed from the time of payment." In Riddle v. Rosenfeld, 103 Ill., 600, it was held that "the payment of usurious interest upon the first four notes of a series does not entitle the maker to plead it as a defense to an action on the fifth."

While the primary object of the usury laws is to protect the debtor from the oppressive exactions of the creditor, where, as in this State, the statute fixes the period after the ex-

tinguishment of the debt within which an action may be instituted to recover the usury paid, it must be brought within the time thus fixed, or the courts will be powerless to grant relief; and this we understand to be the rule though the usury be paid upon one or more of a series of notes, leaving others to be thereafter paid.

It has been held by this court that in the sale of land an agreement by the purchaser to pay a rate of interest in excess of 6 per cent. in notes given therefor may be enforced, provided such interest constitutes a part of the consideration to be paid for the land. It is not averred by appellee, nor claimed in argument, that the 8 per cent. interest expressed in the notes executed by appellant constituted any part of the consideration agreed to be paid by him for the land sold him by appellee; so that question does not arise in this case.

Finding no error in the judgment of the lower court, the same is affirmed.