MLC CORPORATION, INC. *et al.*, Plaintiffs-Appellees, *v.* HARLEY E. CLUXTON, JR., *et al.*, Defendants-Appellants.

(No. 72-79;

Second District—March 1, 1973.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, (Lewis D. Clarke, and Lewis D. Clarke, Jr., of counsel,) for appellants.

Philip S. Aimen, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant Elizabeth P. K. Cluxton only, appeals from a decree of foreclosure and sale of the Circuit Court of Lake County, the denial of her defense of usury set forth in her amended answer, the denial of her post-trial motion to vacate the decree and to assert the defense of discharge, and from the sale held pursuant to the decree of foreclosure.

On January 2, 1970, the defendant was divorced from her husband, Harley E. Cluxton Jr., a/k/a Dr. Cluxton. She was in sole possession of the marital domicile which she owned jointly with her former husband. Pursuant to her husband's request, she executed a junior trust deed with her husband to secure a note for $90,000 made by her husband to the plaintiff-appellee, MLC Corporation, Inc. The record indicates her husband only received a loan of $50,000 for the note. At the time of closing the loan, MLC Corporation, Inc. credited itself with an additional $2,500 and also charged Dr. Cluxton with an additional $2,925 insurance. Appellee instituted foreclosure proceedings on September 1, 1970. Appellant appeared and filed an amended answer alleging the defense of usury and claimed a penalty against the plaintiff in an amount equal to twice the total of all interest, discount and charges pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 74, sec. 6. The defendant, Dr. Cluxton, did not appear and answer, having previously filed a voluntary petition in bankruptcy.

On September 3, 1971, the trial court, without hearing but upon the motion of plaintiff and argument of counsel, denied the alleged defense of usury. Subsequent to this in chronological order, the following transpired:

Oct. 22, 1971, decree of foreclosure entered as proved up by affidavit.

Oct. 25, 1971, one Fred Brown purchased the right, title and interest of Dr. Cluxton in the subject property from the federal bankruptcy trustee.

Nov. 19, 1971, Mrs. Cluxton filed post trial motion to vacate the decree of foreclosure and set aside order denying defense of usury.

Dec. 7, 1971, MLC Corporation purchased from the trustee of Dr. Cluxton's bankruptcy estate, his claim of usury for the sum of $450.

Dec. 10, 1971, Mrs. Cluxton filed an addendum to post trial motion of Nov. 19, 1971.

Dec. 15, 1971, Addendum motion denied by trial court.

Jan. 10, 1972, Subject property sold at foreclosure sale to MLC Corporation.

Mar. 13, 1972, Certificate of sale assigned to Frederic D. Brown.

Our opinion will be confined to whether or not Mrs. Cluxton as surety had the right to interpose the defense of usury.

The record indicates the appellee charged appellant's husband a discount of about $40,000 in making a loan of $90,000 to him to be repaid by March 18, 1975. Due process requires appellant be granted a hearing to determine if the note in question were usurious. It appears to this court that the interest charged on this loan violates Ill. Rev. Stat. 1969, ch. 74, par. 4, unless it falls within any of the exceptions therein set forth.

The plaintiff, MLC Corporation, Inc. contends that this loan was a business loan to Dr. Cluxton and that Mrs. Cluxton, as surety, could not invoke the defense of usury. No hearing was had, nor was evidence adduced as to this point in the trial court. The defendant filed an affidavit which he had executed on the date of his note and trust deed, March 18, 1970, in which he stated to MLC Corporation, Inc. that the loan was:

"* * * solely for the purpose of carrying on such practice and for no other;"

and

"* * * that I make this affidavit of my own free will and that it is made solely to induce MLC Corporation, Inc. to grant a certain loan to me for business purposes exclusively."

On March 10, 1970, Melvin E. Levinson, attorney for Dr. Cluxton, wrote MLC Corporation, Inc., enclosed a financial statement of Dr. Cluxton pertaining to a $90,000 loan, and stated that the loan was

"* * * to provide Dr. Cluxton with money to move his offices and set up new facilities at the John Hancock Building."

However, it appears that at the time the $50,000 was received by Dr. Cluxton and his attorney, in consideration of the trust deed, and the note in the amount of $90,000 executed by Dr. Cluxton only, attorney Melvin E. Levinson furnished Mrs. Cluxton the following statement:

"To Elizabeth K. Cluxton

The undersigned as attorney for Harley K. Cluxton Jr. in consideration for your participation in the acquisition of a loan in the sum of $50,000 (Note: in face sum of $90,000) from M.L.C. Corporation to Harley Cluxton Jr. does hereby stipulate as follows:

1. I have obtained authority from Harley Cluxton Jr. to apply the proceeds of said loan to retire the following indebtedness:

A. National Boulevard Bank—unsecured loan in sum of $2,500.00.

B. Parkway Bank—secured loan in the sum of $12,000.00.

C. Northern Trust Co.—unsecured loan in the sum of $9,900.00.

D. First National Bank of Lake Forest—unsecured loan in the sum of $12,000.00.

E. Jersild Judgment—in the sum of $10,000.00.

F. Partial payment of the National Boulevard Bank (secured) indebtedness.

The above funds shall be placed in a special account and paid under my supervision.

Melvin E. Levinson"

Further, Mrs. Cluxton contends that Alan R. Edelson, agent of MLC Corporation, Inc., attorney and trustee under aforesaid trust deed, was present at this time, had knowledge of this statement to her and manner in which the proceeds of the loan were to be distributed pursuant to Levinson's statement. Examination of the record before us indicates that Dr. Cluxton did in fact state that the purpose of the loan in question was for business purposes. However, at the time of the pay-out of the $50,000, plaintiff's agent was purportedly advised that the purpose of the loan was to pay existing indebtedness of the parties, pursuant to the statement set forth above. It is to be noted specifically that at least two of the debtors set out in this statement were not in fact paid, as both Jersild and the National Boulevard Bank were made parties defendant in the foreclosure and appeared and set forth their respective claims. No hearing was held on this point by the trial court. This court cannot therefore decide if the interest charged were usurious. The Supreme Court held in *Maher v. Lanfrom* (1877), 86 Ill. 513, a surety could interpose the defense of usury. See also *Safford v. Vail,* (1859), 22 Ill. 327.

■■■ The general rule is that where the usurious contract of the borrowers and lender is the sole consideration, a surety may avail himself of the defense of usury. We hold the defendant, Mrs. Cluxton as surety, had the right to assert the defense of usury.

The appellees' motion to dismiss the appeal herein as it applies to the foreclosure sale which was taken with the case is hereby denied.

The foreclosure sale herein is vacated and set aside and the action of the trial court in decreeing the foreclosure and all subsequent matters thereunder are reversed and remanded for further proceeding.

Reversed and remanded with directions.

T. MORAN and ABRAHAMSON, JJ., concur.