GERMAN FIRE INSURANCE COMPANY
v.
ALBERT W. PERRY ET AL.

*Judgments and Decrees—Judgment by Default—Bill to Set Aside—Negligence of Defendant's Agent a Bar.*

Upon a bill filed to set aside a judgment obtained by default, this court holds that the evidence showed that complainant had, through its agent, been guilty of such negligence that it was not entitled to relief.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Iroquois County; the Hon. C. R. STARR, Judge, presiding.

Messrs. PUTERBAUGH, PAGE & PUTERBAUGH, for appellant.
Whenever, by reason of the plaintiff's fraudulent conduct

or misrepresentations to defendant concerning the nature and object of the action or the prosecution of the cause, defendant in the action, having a good defense upon the merits, is lulled into security, so that he fails to interpose his defense, he is entitled to the aid of equity to prevent the plaintiff from reaping the benefit of a judgment thus fraudulently obtained. 1 High on Inj., Par. 199; Freeman on Judgments, 409, Sec. 486.

When false and fraudulent representations are made by plaintiff's attorney, by which judgment is obtained, defendant is entitled to relief in equity. 1 High on Inj., Par. 202; Freeman on Judgments, 14, Sec. 492.

When defendant had a good and meritorious defense upon the merits, but was prevented from asserting it by receiving assurance in writing from plaintiff's attorney that nothing further would be done in the suit until he was notified, an injunction was allowed. 1 High on Injunctions, Par. 191; Foote v. Despain, 87 Ill. 28.

The fraud which is made the foundation for the relief is not necessarily of an active or affirmative nature, but may consist in mere silence or suppression where good faith and fair dealing would require a disclosure of the facts which are concealed. Ib. Par. 203; Ib. Par. 199; Dickerman v. Burgess, 20 Ill. 267.

In Beams v. Denham, 2 Scam. 58, the complainants filed a bill in chancery for an injunction and a new trial in an action at law, setting forth that the action was commenced on a replevin bond, and that shortly before the term of court to which the writ in the said action was returnable, one of the complainants, and the principal in the replevin bond, became sick and unable to attend court; that his agent called upon the attorney for the plaintiff, who informed him that in view of the circumstances the suit should be continued; notwithstanding which a judgment by default, through mistake or forgetfulness, as complainant supposed, was taken at said term of court for the entire penalty of the bond, which the complainants alleged they were not justly or equitably bound to pay; *held*, that these facts were sufficient to authorize a court of chancery to grant relief.

German Fire Ins. Co. v. Perry.

When a judgment is obtained by fraud or accident, without any fault or negligence on the part of the defendant, a court of equity will afford relief, either by opening the case and allowing the party an opportunity of another trial, or by a perpetual injunction.     Wierich v. De Zoya, 2 Gilm. 385; 2 Story's Eq. Jur., 174; Cooper's Eq., 139.

Where a defendant has had an adequate remedy at law, and has been prevented from resorting to it in time by the fraud or circumvention of the plaintiff, he ought to be relieved in equity.     Poindexter v. Woddy, 6 Munf. 418; Lee v. Baird, 4 Hen. & Munf. 453; Williams v. Fowler, 2 J. J. Marsh. 405; 2 Story's Eq. Jur., Sec. 887; Wierich v. De Zoya, 2 Gilm. 385.

The rule is well settled that a court of equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds of which the party could not avail himself at law, or of which he was prevented from availing himself by fraud, accident or mistake, or the act of the opposite party, without any negligence or fraud on his own part.     Hilliard on New Trials, 451; Freeman on Judgments, 409, Sec. 486; Wilday v. McConnel, 63 Ill. 278; Gregg v. Brower, 67 Ill. 526; McGehee v. Gold, 68 Ill. 215; Ward v. Durham, 134 Ill. 195.

To sustain the bill in this case we were required to prove, first, that the complainant had a meritorious defense to the action in which the judgment complained of was rendered; second, that the complainant was misled by the conduct of the opposite party, and was not guilty of *laches*.

Messrs. Payson & Orebaugh, for appellees.

Any *laches* on the part of the complainant will prevent its obtaining relief in equity.     Ballance v. Loomis, 22 Ill. 84; Sullivan v. Niehoff, 27 Ill. App. 423; Baker v. Elkins, 1 Johns. Chy. 465.

The rule that equity will not relieve against the neglect of a party in a suit at law, will depend upon the fact that

he knowingly had a day in court. Owens v. Ranstead, 22 Ill. 161.

When, by the use of ordinary diligence and precaution, a defense could have been available at law, no relief will be granted in equity. Smith v. Powell, 50 Ill. 21.

When a party has had an opportunity of interposing his defense at law, and his remedy in that form is complete, and he from carelessness or inattention has failed to make it, courts of equity never afford relief. The law only favors the vigilant. 1 High on Injunctions, Sec. 190–194; Lucas v. Spencer, 27 Ill. 17.

The rule is well settled that when, by the use of ordinary diligence and precaution, a defense could have been made available upon the trial of a suit at law, no relief will be granted in equity. Ramsey v. Perley, 34 Ill. 504; Mellendy v. Austin, 69 Ill. 15; Hopkins v. Medley, 99 Ill. 509; Higgins v. Bullock, 73 Ill. 205.

The practice of resorting to courts of equity to enjoin judgments at law should not be encouraged. Insurance Co. v. Kingman, 21 Ill. App. 493; Hammon v. Maxwell, 31 N. J. Eq. 328.

If a party will suffer judgment to pass against him by neglect, he can not have relief here for a matter which he might have availed himself of at law. Lansing v. Eddy, 1 Johns. Chy. 49; Morgan v. Tipton, 3 McLean, 345; Land v. Sergent, 1 Edw. Chy. 167; Bartholamew v. Yaw, 9 Paige, 630.

He must show that he was prevented from bringing his defense fairly before the court by fraud or accident, unmixed with negligence on his part. Garvin v. Squires, 50 Am. Dec. 225; Hibbard v. Eastman, 47 N. H. 509; G. & I. W. R. R. Co. v. Enner, 116 Ill. 64; Adams' Eq., Sec. 197; Bispham, Eq., Sec. 409; 3 Pomeroy's Eq., page 395, note; 7 Lawson's R. & R., Sec. 3702.

Complainant will be required to show that he used due diligence preparing and conducting his defense at law, and that he was prevented from then making it by circumstances beyond his control. Horn v. Queen, 4 Neb. 144; 1 High on

Injunctions, Sec. 210.   *Laches* is a bar to such relief.   Brown v. Buena Vista Co., 95 U. S. 159.

A party must show some unavoidable necessity to entitle him to relief against the legal effect of the judgment at law.   Stroup v. Sullivan, 46 Am. Dec. .390; Maxwell v. Conner, 1 Neill's Chy. 22.

The fraud or accident must be unmixed with any fault or negligence in the complainant himself.   Blackburn v. Bell, 91 Ill. 434; Owens v. Ranstead, 22 Ill. 162; Higgins v. Bullock, 72 Ill. 206; Patterson v. Bangs, 9 Paige, 630; Smith v. Allen, 63 Ill. 474.

Equity does not grant relief to a party on the ground of accident or mistake, if the accident or mistake has arisen from his own negligence or want of reasonable care.   Knapp v. Fowler, 39 Ilan. 517; Sedam v. Williams, 4 McLean, 52.

When a suit is instituted against a party, it is his duty properly to defend it, if he has any defense to make, at the proper manner.   And if he fails to do so, and judgment is rendered against him in consequence of his negligence, a court of equity has no power to relieve him, although the original judgment was erroneous.   Stroup v. Sullivan, *supra;* see also, Kearney v. Smith, 24 Am. Dec. 552.

He must have been prevented from making his defense by " circumstances beyond his control."   Green v. Dodge, 25 Am. Dec. 736.

The general reasoning upon which this doctrine is maintained, is the common maxim that courts of equity, like courts of law, require due and reasonable diligence from all parties in suits, and that it is sound policy to suppress multiplicity of suits.   " It is more important that an end should be put to litigation than that justice should be done in every case."   2 Story's Equity Jurisprudence, Sec. 896.

Mr. Justice Lacey.   This was a bill filed by the appellant against appellees to set aside a judgment obtained by one of the latter, Albert W. Perry, against the appellant for $400, obtained in the Circuit Court of Iroquois County at its June term, 1891.   According to the allegations of the bill, the judgment was obtained on an insurance policy issued by the appellant

to appellee Perry, on his one and one half story frame building, for $400, insuring him against loss by fire, which was occupied as a dwelling house and situated in the village of Le Roy, and on the household furniture, etc. The defense to a suit on the policy, as set up in the bill, was that at the time the dwelling was destroyed by fire it was vacant and unoccupied, in violation of a provision of said policy, which provided in case said dwelling became vacant and unoccupied, then the said policy should be void; that appellee fraudulently misrepresented the value of the house, fixing the value at $600, when it was only worth $50; that the judgment was in excess of the loss $350, and charging fraud in making false affidavit by Perry. The excuse set up in said bill for not making the defense at law, was that its agent at Watseka, S. G. Staples, was misled by the fraudulent misrepresentations of C. H. Payson, the attorney of appellee, in this: after the appellant was served with a copy of the summons in Peoria, it wrote to its agent, Staples, directing him to send it a copy of the declaration; that Staples went to the circuit clerk's office in Watseka twice to see if a declaration had been filed. The second time he went on the 4th day of June, 1891, the last day for filing a declaration for the June term, and was told by the clerk that none had been filed; that while in the clerk's office Mr. Staples met C. H. Payson, the attorney for Perry, the appellee, whom Staples told that he had come to see what had been done in regard to the suit of Perry against the German Fire Insurance Company, and Payson replied that nothing had been filed and that there would probably be nothing done that term, but that he would be ready for trial at the fall term. Upon learning this, Staples notified the general office at Peoria, who relied upon Payson's representations that nothing would be done till the fall term; that on the same day alluded to, Payson, disregarding his statements and representations to said agent, and without the knowledge of the company or its agent, filed the declaration in said cause, and waited till about the last day of said June term, when he took a judgment by default against the com-

pany for $400, the full amount of the policy. The first knowledge the company had of such judgment was on the 1st day of July, 1891, after the adjournment of the June term of court, when the secretary received a letter from Mr. Staples advising him that Perry, or his attorney, had taken a judgment; that on the 9th day of July an execution had been sued out and sent to the sheriff of Peoria County for collection. An answer was duly filed to said bill and a trial was had on the merits, resulting in the dismissal of the bill and dissolution of the injunction. From this decree this appeal is taken. The main question for discussion and one decisive of this case, if it be determined in favor of appellee, is as to whether the appellant was guilty of such *laches* in not making a defense to the suit at law, as would bar this action. The manner and meeting of the appellant's agent, Staples, and appellee's attorney, Payson, is admitted in the answer, and as to what was said on the occasion by the respective agent and attorney, there is, as to its main features, but slight dispute.

The evidence of Staples is as to what was said by Payson at the meeting in the circuit clerk's office, as follows, viz.: " I told Mr. Payson that I came to see what had been done in regard to the case of Perry against the Insurance Co., and he replied in substance that there was nothing filed and there would probably be nothing done that term, but he would be ready for us at the fall term. This is the substance of what was said. * * * I did nothing further to ascertain whether a declaration had been filed, and never heard that any judgment had been obtained until just after the court adjourned." Mr. Payson testified on behalf of appellee that he told Mr. Staples that there would probably be no trial of the case at the June term. " I told Mr. Staples that I wanted the issues settled at the June term, and I remember my exact language was, ' We will be ready to give you h–ll in the fall.' I never told Mr. Staples that no declaration would be filed at the June term." The declaration was filed the morning of the 4th of June. It appears also from the testimony of G. A. Wilson, one of the appel-

lant's attorneys acting in the case in Peoria, that he saw a letter from Staples to the appellant and handed to him by Mr. Cremer, the president of the company, dated about 21st of May, in which Staples said that he " had frequently been to the clerk's office and that no declaration had been filed; and either in that letter or the first letter there was a statement to the effect that he had seen Mr. C. H. Payson, the attorney for Mr. Perry; that Payson had assured him that there would be nothing done in the case until October. He said Mr. Payson told him that there had been no steps taken at the June term because there would be no jury till the October term.  But he said he did not know whether he could rely on Mr. Payson or not; that he had a reputation of being a little sharp or tricky and he would keep a sharp lookout for the filing of the declaration, and when it was filed, or just as soon as it was filed, he would get a copy and send it to us, and I informed Mr. Cremer that we would do nothing more until the declaration was filed." The above is about the substance of all the evidence pertaining to the care and diligence exercised by appellant in making its defense at law, and in our judgment it comes far short of showing a legal excuse for not making such defense. The law is well settled that where a party has an opportunity of interposing his defense at law, and his remedy in that form is complete, and he from carelessness or inattention has failed to make it, courts of equity will never afford relief.  The law only favors the vigilant.  Ordinary diligence and precaution to make such defense must be used or no relief will be granted in equity.  Lucas v. Spencer, 27 Ill. 17; Ramsey v. Perley, 34 Ill. 504; Mellendy v. Austin, 69 Ill. 15 ; Hopkins v. Medley, 99 Ill. 502 ; Higgins v. Bullock, 73 Ill. 205.  The general rule is well understood.  Was there such diligence in this case ?  It seems to us that no reasonable person would accept the suggestion of an attorney for the opposite party, that probably nothing would be done at a certain term of court, when there was yet time to file a declaration for such term and where summons had been duly served in apt time.  The attorney makes no pos-

itive statement and binds himself to nothing, and it is no breach of any promise or violation of any agreement for the attorney to proceed. It was certainly an act of great negligence on the part of Staples, by whose acts and omissions the appellant, as the principal, is bound, to rely on such vague and uncertain suggestions as were made by Payson. It furthermore appears from his own letter to the appellant, sent to Peoria about the time this conversation took place, that he did not rely on them and had no faith in them, and promised the appellant that he would watch for the filing of the declaration and would send a copy of it to it. Had he done this the appellant would undoubtedly have made its defense at law. But finding no copy of a declaration sent to it, as promised by Staples, it no doubt supposed none had been filed at the June term. But the negligence of the agent is chargeable to the principal. However unjust the judgment may be, the appellant having negligently failed to make its defense at law can not now come into a court of equity and litigate the matter again. The court below, therefore, properly dismissed the bill and dissolved the injunction. The decree of the court below is therefore affirmed.

<em>Decree affirmed.</em>