Loyal Americans v. Edwards.

---

## Loyal Americans v. Joseph H. Edwards, Guardian.

1. INSURANCE—*Estoppel of Company by Settlement and Payment of Claim.*—Where the board of directors of an insurance company in possession of information which would have led them, upon proper inquiry, to a knowledge of facts which would annul the contract, elect not to contest the claim, but to pay it off, the company is estopped from setting up fraud in the original application.

2. GUARDIAN AND WARD—*Guardian Has No Power to Return Money Belonging to Ward, Recovered from an Insurance Company.*—A guardian can not surrender the money of her ward recovered from an insurance company without first obtaining an order of the court having supervision of her guardianship.

Assumpsit.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

In 1900, appellant was organized as a fraternal beneficiary society under the act of June 22, 1893. Soon after its organization, Mary Zimmerman, an unmarried woman twenty-one years of age, became a member and took out a beneficiary certificate on her life for $1,000, payable to her minor brother, Charles Zimmerman, on her death. About two and one-half months after receiving the certificate, she died from inflammation of the womb and blood poisoning. Her disease resulted from giving birth to a child in Chicago, where she had secretly gone for confinement. Immediately upon her death, Caroline Zimmerman procured letters of guardianship for her minor son, Charles Zimmerman, submitted proofs of death to appellant and, by order of its board of directors, was paid the $1,000 insurance. Within a few weeks thereafter, appellant's board of directors instructed its supreme secretary to demand of Caroline Zimmerman a return of the money so paid, less $200, which the secretary did. Eight hundred dollars was accordingly returned and was paid into the treasury of appellant. Three weeks afterward, Caroline Zimmerman resigned as guardian and Joseph H. Edwards, appellee, was appointed in her stead. On the 22d of February, 1901, he began this suit to recover back the $800 so returned, and afterward obtained a judgment against appellant for $844.77 and costs.

E. J. DUNN, attorney for appellant.

CONNOLLY & BARNES, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

It is contended by appellant that it is not liable, because it was induced to enter into the contract of insurance by the fraudulent concealment and false representation of Mary Zimmerman in regard to her pregnancy. That fact she did not make known, and there is a conflict in the testi-

mony as to whether she was interrogated concerning it. Appellant contends that her pregnancy was a fact material both to the making of the contract and to the risk, and that its concealment had the effect to render the policy void. That point is elaborately discussed in the printed brief and argument of appellant's counsel.

As we view the issues involved and the evidence in the record, the question of fraudulent concealment and false representation of the applicant need not be passed upon by us. When the proofs of death were submitted and appellant's board of directors met to take action on the loss, the rumor that an abortion had been produced on her in Chicago was discussed. One of the members, who was at the time supreme vice-president, testified that the falsity of her application, her pregnancy and the supposed abortion were fully considered, and it was there decided not to contest the claim, but to pay it off regardless of whether the applicant had concealed or falsely represented her condition. In accordance with such decision, the claim was paid. While the board at that time may not have had positive information of her pregnancy and the real cause of her death, they were in possession of such information as would have led them, upon proper inquiry, to the real facts. Having made settlement and payment of the claim under such circumstances, appellant is estopped from setting up fraud in the original application. It could not on that score recover back the money so paid, in a suit for that purpose. It can not, therefore, set up such fraud as a defense in this suit. Ramsey v. Perley et al., 34 Ill. 504.

When the case was submitted to the jury, the special count declaring upon the certificate of insurance had been withdrawn and the only pleadings involved were the common counts and the pleas thereto interposed. Appellee was seeking a recovery of the money which appellant's secretary had wrongfully obtained from the former guardian—not payment of a claim based upon the certificate of insurance. The certificate of insurance was no part of appellee's case and was only involved under the contention of appel-

lant that the settlement was procured by fraud, and in the view taken by us, there is small room for that contention. It can not be seriously contended that the former guardian entrapped the board of directors into a settlement of the claim. She is an old German woman, and judging from the ease with which appellant's secretary coaxed and scared her into paying back the money, must be quite ignorant of business matters—incapable of devising fraud and deceit sufficient to overreach a board of insurance directors. As a matter of fact, she was wholly passive about the claim under the certificate. She made no representations and did nothing to conceal any fact within her knowledge or prevent inquiry. The evidence fails to show that she knew any more than the members of the board of directors about the cause of the death of her daughter. All she did was to file the certificate of the attending physician as to the death, receive the money for her ward, sign whatever receipts appellant requested her to sign and surrender the certificate of insurance.

After it was decided by the board of directors to rescind its action on the claim and get back the money paid, the secretary sought the guardian at her home in Effingham county and procured her to pay him $800, agreeing that she might retain the $200 in payment for assessments, funeral expenses, etc. There is no pretense that the guardian was authorized by the Probate Court to make any such compromise, or to pay back any part of the money. She could not thus surrender the money of her ward without first obtaining an order of the court having supervision of her guardianship. Sec. 17, Chap. 64, Revised Statutes of Illinois; Hayes v. Massachusetts Mutual Life Insurance Co., 125 Ill. 626. She had no personal discretion in the matter, the statute having substituted the judicial determination of an established court. We are unable, therefore, to see how any other conclusion of the suit than the judgment rendered could have been legally reached. In that view, it is unnecessary to express any opinion as to objections to instructions and rulings upon evidence. Substantial justice has been done and the judgment will be affirmed.