JAMES E. TYLER *et al.*

*v.*

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY *et al.*

*Filed at Ottawa November 20, 1883.*

1. TRUST DEED—*notice of sale under several trust deeds, one notice sufficient.* Where a party gave three deeds of trust, each on a different tract of land, to secure three notes, and the trustee, on default, advertises that he will sell under each trust deed the land described therein, in one notice, the notice will be good, and the sales made separately will not be set aside for want of separate notices.

2. SAME—*form of trustee's deed when grantor has parted with his equity of redemption.* Where a party, after executing a trust deed to secure the payment of money, conveys his equity of redemption, and the trustee sells the premises, it is not essential that the deed made by the trustee shall purport to convey the interest of the assigns of the grantor. A recital that the trustee conveys "all the estate, right, title, interest, property, claim and demand whatsoever, both in law and in equity, of the said A B," the grantor, is sufficient to pass all the title and cut off the equity of redemption.

3. SAME—*sale under, not set aside for usury.* If the maker of a deed of trust, and his subsequent incumbrancer, permit a sale of the premises to be made by the trustee for the principal, and usury included, they will be estopped from afterward insisting on usury to defeat the sale. By permitting the sale they will be regarded as assenting to it and the payment of the usury.

Appeal from the Circuit Court of Cook county; the Hon. T. A. Moran, Judge, presiding.

Messrs. Bisbee, Ahrens & Decker, for the appellants:

The sale and trustee's deed made under the Rappleye trust deed are void, because the notice of such sale and the sale thereunder were irregular, informal and insufficient. *Marsh* v. *Norton,* 75 Ill. 621.

The trustee's deed conveys only the interest of Guyton and wife and the trustee—not the interest of Guyton's assigns.

The alleged default in the payment of interest, upon the ground of which the power of sale was invoked, did not exist because there was no interest due, and therefore the sale is void.

The requirement that the borrower should take a life insurance policy in connection with the loan, and as a condition upon which the loan was granted, the highest rate of interest allowed by law having already been reserved in the notes, made the loan usurious, and prohibited the company from collecting any interest whatever. *Missouri Valley Life Ins. Co.* v. *Kittle,* 2 Fed. Rep. 113; *Same case,* 1 McCrary, 234; *National Life Ins. Co.* v. *Harvey,* 7 Fed. Rep. 805.

Requiring the borrower to pay agents' commissions constitutes usury. *Payne* v. *Newcomb,* 100 Ill. 611.

If the trustee makes a sale when nothing is due, the sale is voidable as to a purchaser with notice. *Chicago, Rock Island and Pacific R. R. Co.* v. *Kennedy,* 70 Ill. 350; *Walker* v. *Carleton,* 97 id. 532.

If the mortgagor himself, or through his agent, buys the property, his title may be impeached for usury in the mortgage. 1 Jones on Mortgages, (3d ed.) sec. 646.

The trustee's sale being void, or at least voidable, on account of the usury, appellants can insist upon the usury as a ground to set aside the sale and trustee's deed, the same as Guyton could have done. *Maher* v. *Lanfrom,* 86 Ill. 513.

Messrs. G. & W. GARNETT, for the appellees:

Irregularities in a sale are waived unless steps are taken in a reasonable time to set the sale aside. *Bush* v. *Sherman*, 80 Ill. 160; *McHany* v. *Schenk*, 88 id. 365.

One notice was all that was necessary. If it contained all the facts necessary to inform the public of the time, place and terms of sale, the description of the property, and what it is to be sold for, nothing more can be desired. *Marsh* v. *Norton*, 75 Ill. 623, does not decide that a consolidation of the notices would avoid the sale. At most, the consolidation was but an irregularity.

The trustee's deed was sufficient to pass the title. It refers to the notice, which is, that the trustee will sell all the interest, etc., of Guyton and his wife, and their assigns.

To constitute usury both parties must have intended the reservation or payment of more than the legal interest. Tyler on Usury, 103; *Condit* v. *Baldwin*, 21 N. Y. 219; *Lloyd* v. *Scott*, 4 Pet. 205; *Bank of United States* v. *Waggoner*, 9 id. 399.

The life insurance premium was not usury, as Guyton received full value for it, the company being solvent and the charge reasonable. *New York Fire Ins. Co.* v. *Donaldson*, 3 Edw. Ch. 199; *Utica Ins. Co.* v. *Caldwell*, 3 Wend. 296; Tyler on Usury, 225.

If there was usury in the transaction, no advantage can be taken of it after a sale under the trust deed and discharge of the whole debt. *Perkins* v. *Conant*, 29 Ill. 184; *Carter* v. *Moses*, 39 id. 539.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that one B. F. Guyton and wife executed three deeds of trust, each on different tracts of land, to secure three several notes, for different amounts, aggregating the sum of $27,500, bearing interest at the rate of ten per cent.

The notes and deeds of trust all bear date the 1st day of July, 1875, and payable on the 1st day of July, 1880, to the order of the Massachusetts Life Insurance Company. The interest was payable semi-annually, and for the payment of which the maker executed interest notes or coupons. The property was conveyed to N. B. Rappleye, and contained the usual power of sale on default in payment. Each note contained a provision that on default in payment of any installment of interest, the holder of the notes might declare the principal note due, and require the trustee to sell the property, and satisfy the principal and interest of the note. Each deed of trust contained the same provision. Afterwards, Guyton and wife executed three other promissory notes,— two for $1000 each, and one for $3200,—and executed three other trust deeds on the same property, to secure the payment of this indebtedness. These latter notes and deeds of trust bear date the 27th of July, 1875. The deeds were to William B. Warren, and contained the usual powers of sale. The notes, at their delivery, were payable to George S. Brown, and are now held by appellant Tyler. The last named trust deeds, although not in terms made so, are in fact junior liens to the Rappleye trust deeds, being junior in date. Default having been made in payment of some of the interest coupons attached to each of the first three notes, the holder required Rappleye to exercise the powers conferred on him, by selling the property and paying the notes,—principal and interest. He, after advertising the property, on the 30th day of January, 1878, sold the property to A. J. Smith, who purchased for the insurance company, and he still holds the lots. Tyler, the holder of the second series of notes, and Warren, the trustee, filed their bill in the Cook circuit court to redeem, alleging that there were such irregularities in the sale made by Rappleye that it did not bar a redemption. They ask that the sale be set aside, and they be let in to redeem from the first three trust deeds. On a hearing in the circuit court

the bill was dismissed, and complainants bring the record to this court by appeal, and urge a reversal.

It is first insisted that the sale was voidable because the trustee advertised that he would sell under each trust deed the land described therein, in one notice. It is claimed that he should have given three separate notices,—one under each trust deed. We are unable to perceive any objection to the notice. It recited each trust deed, the lands each contained, and gave notice that he would sell the land described in each for the payment of the debt secured by the trust deed. The sales were separate under each, of the land it described. This was precisely as though there had been three separate notices of the sale. There is no pretense that any of the lots were sold under or by virtue of the power contained in a trust deed that did not embrace such land. Each tract was sold under the powers of the deed in which it was embraced. Nor does it appear that any one was misled, or that any loss was incurred by having published but the one notice. We clearly have no power to set aside a sale when the power has been pursued, and certainly not when no injury is shown to have resulted. The deeds required notice of the sale to be given before the sale, and a notice was given containing all that was required. Appellants' counsel have not endeavored to point out any injury that has been sustained by their clients by reason of the notice as it was published.

There is some criticism of the trustee's deed. It is claimed that it is defective because it does not purport, in terms, to convey the interest of the assigns of Guyton. We regard this as wholly non-essential. The deed recites that the trustee conveyed "all the estate, right, title, interest, property, claim and demand whatsoever, both in law and equity, of the said Benjamin F. Guyton and Lizzie F. Guyton." This was sufficient to pass all the title and cut off the equity of redemption. But if it were not, the notice stated he would sell the interest of the grantors, their heirs and assigns, and he states in the

deed he sold the property in pursuance of the notice, and if
he did, then that, in equity, was sufficient. If the words
which were omitted were essential, a court of equity would
decree a reformation of the deed, and inasmuch as this is
a proceeding in equity, the deed will be treated as thus
reformed.

It is urged that the transaction was tainted with usury,
and that being the case, the company had forfeited all inter-
est on the notes, and there was no interest due, and there
being none due, there was no failure or default in the pay-
ment of interest, and therefore there was no power to declare
the principal due or to make the sale; that the sale was
made without power, and may be avoided. Concede there
was usury in the loan, (and the proofs seem to establish
there was,) still, does it follow that the sale may be set aside
and vacated? In the case of *Perkins* v. *Conant*, 29 Ill. 184,
the mortgagor sued to recover usurious interest collected by
the mortgagee, by a sale of the mortgaged premises under a
power of sale. It was there held, that inasmuch as the mort-
gagor permitted the sale for the usurious interest, he was
estopped from recovering it back. In the case of *Carter* v.
*Moses*, 39 Ill. 539, there were notes given that embraced
usury. The payer, to secure their payment, turned over to
the payee, notes, checks, etc., as collateral security. The
payee collected and applied the collaterals to the payment of
the usurious notes. The debtor filed a bill to enjoin the
trustee from selling land to pay other notes in which there
was no usury, and to have the money collected and applied
to pay usury credited on the notes still remaining unpaid.
It was, however, held, that complainant having voluntarily
paid the usury, he could not have it set off against the other
notes. These cases are decisive of the case at bar. Had
complainants desired to prevent the collection of usury in
this case, they should have filed their bill to restrain the
collection of usury, and prevent the sale of the land by the

trustee for more than was due, after all proper deductions from the amount on account of the usury. By permitting the sale to be made ·for principal and the usury, the debtor and the subsequent incumbrancer are precluded from now insisting on usury to defeat the sale. By permitting the sale they must be regarded as having assented to it and the payment of the usury.

We perceive no error in the decree below, and it is affirmed.

*Decree affirmed.*