# Ward, Adm'r, *v.* Patton.

*Bill in Equity by Judgment Creditor for Redemption of Lands.*

1. *Amendment of bill in equity ; office of.*—The office of an amended bill, when it is not employed under the statute for the purpose of introducing supplemental matter, facts occurring after the filing of the original bill, is the curing of defects in the original bill, and not the introduction of new matter, varying substantially the relief prayed, or the right in which it is claimed.

2. *Bill in double aspect ; relief in either aspect must be the same.*—While a bill in equity may be framed originally in a double aspect, or in the alternative, or, if not so framed originally, may, by amendment, be converted into a bill of that character, this does not authorize the introduction into the bill as originally filed, or as amended, several inconsistent claims to relief, founded on different states of fact, either of which, if true, would entitle the complainant to relief of a wholly different character ; but each alternative must be the foundation for like relief, or for relief of the same character.

3. *When amendment a departure from original bill.*—A bill having been filed by a judgment creditor of F. against P. and others, to redeem lands which had been purchased by P. at sheriff's sale, and afterwards redeemed from him by another judgment creditor of F., it was, by amendments, converted into a bill for the enforcement of a trust concerning the lands, alleged to have arisen from an agreement into which the complainant, P. and the other judgment creditor of F. had entered ; and afterwards, by another amendment, all the parties were stricken out except P., and the bill reduced to a demand for the recovery of damages from P., because, by an alienation to a stranger pending the suit, he had incapacitated himself from executing the trust, or performing the agreement. *Held,* that the amendments departed entirely from the case made by the original bill, and that there was no error in the decree of the chancery court sustaining a demurrer thereto.

APPEAL from Madison Chancery Court.
Heard before Hon N. S. GRAHAM.
The facts are sufficiently stated in the opinion.

WATTS & SONS, D. P. LEWIS and CABANISS & WARD, for appellant.

HUMES, GORDON & SHEFFEY, *contra.*

BRICKELL, C. J.—The original bill was filed by the appellant as a judgment creditor of Robert Fearn, to be let in to redeem, under the statute, certain lands the appellee had purchased at sheriff's sale, and which were subsequently redeemed from him by George P. Beirne, as administrator of Charles

[Ward, Adm'r, v. Patton.]

H. Patton, another judgment creditor of Fearn. Subsequent amendments converted the bill into a bill for the enforcement of a trust concerning the lands, supposed to arise from an agreement into which the appellant, the appellee and Beirne had entered. The last amendment, to which a demurrer was sustained, all other parties defendant having been stricken out, reduced the bill to a demand for the recovery of damages from the appellee, because, by an alienation to a stranger pending the suit, he had incapacitated himself from executing the trust, or performing the agreement.

The amendment of a bill is not the institution of a new suit; it is the mere continuation of the original suit. When it is not, under the statute, employed for the purpose of introducing supplemental matter, facts occurring since the filing of the original bill, the office of an amended bill is curing defects in the original bill, and not the introduction of new matter, varying substantially the relief prayed, or the right in which it is claimed.—*Ray v. Womble*, 56 Ala. 32. A bill may be framed originally in a double aspect, or in the alternative, as it is sometimes expressed; or, if not so framed originally, may, by amendment, be converted into a bill of that character. But by this it is not intended that a complainant may introduce into a bill originally, or by amendment, several inconsistent claims to relief, founded on differing states of fact, either of which, if true, entitled him to relief of a wholly different character. Each alternative must be the foundation for like relief, or for relief of the same character.—*Lehman v. Meyer*, 67 Ala. 396. It is obvious the original bill would have been fatally defective, if into it had been introduced, as alternative grounds for relief, the matters stated in the several amended bills; or if these matters had been stated, and the relief prayed in reference to them had been prayed in the original bill.

The amendments, it is also apparent, departed entirely from the case made by the original bill, introduced an essentially new case, entitling the plaintiff to relief in a different right, upon a different title, and of a different character, from that claimed, or to which he was entitled under the original bill. There was no error in sustaining the demurrer, and the decree is affirmed.