[Durden v. Whetstone.]

# Durden *v.* Whetstone.

*Bill in Equity for Redemption and Account, by Heirs of Deceased Mortgagor.*

1. *Sale of lands under power of mortgage; on what grounds impeached by mortgagor, or his heirs.*—A sale of lands under a mortgage, in strict conformity to the terms of the power, cuts off the equity of redemption as effectually as a decree of foreclosure; and it can not be impeached by the mortgagor or his heirs, because credit was extended to the purchaser; nor because the mortgagee afterwards agreed to take the land in payment of his bid, there being no pre-arrangement between them that he would do so; nor because no conveyance was executed between them.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on June 20, 1889, by the appellants, as the heirs at law of George W. F. Durden, deceased, against the administrators and heirs at law of Mills Rogers, deceased; and seeks to redeem certain described lands from a mortgage, which was executed by the said Durden to said Rogers on Jan. 13, 1873. The said mortgage was made an exhibit to the bill, and purports to have been given to secure the payment of an indebtedness evidence by a note, of even date with the mortgage, for $1691.34, and due twelve months after date.

It is alleged in the bill, that the mortgagor died in March, 1881, and that the mortgagee took possession under his mortgage December 3rd, 1881, and continuously held such possession, receiving rents, until July 18, 1888, when he died; and that since then, the defendants, as personal representatives and heirs, have been in possession. The bill then avers that he so took and held possession "without any foreclosure of said mortgage, and without any valid sale under the power contained in the same; that there was some attempt, as they are informed, to sell said lands by said Rogers, but that such attempt was not fully carried into effect; and that if there was any such sale, the said Rogers became the purchaser himself, and went into possession of said lands as a purchaser at his own sale as mortgagee." The complainants averred their readiness and ability to pay any sum that may appear to be due by a reference to the register; and after praying to be let in to re-

[Durden v. Whetstone.]

deem, also sought to charge the mortgagee with the rents of the land from December 3, 1881, when he is alleged to have gone into possession.

The defendants, in their answer, denied the allegations that the mortgage was not duly foreclosed under the power of sale contained therein; and alleged that "Mills Rogers did on 3d December, 1881, in conformity with the terms of said mortgage, offer the land described therein for sale at public outcry, after giving notice of the time and in the manner prescribed in said mortgage, and at said sale Henry J. Livingston, being the highest, best and last bidder therefor, became the purchaser thereof for the sum of $1506.41 ; that the sale was in all respects legal and fairly conducted; that Livingston bought the land for Thos. W. Saddler and himself, but afterwards Livingston agreed that Saddler alone should have the benefit of said bid." The answer then avers that Saddler, being unable to pay the amount bid, made arrangement with said Mills Rogers for him to take the land in payment of the debt, arising from the said sale; and that in accordance with said agreement, Rogers took possession of said land, and remained in possession thereof as owner up to the time of his death, and that defendants have been in possession since his death. The evidence is sufficiently stated in the opinion of this court.

On the submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed, and dismissed their bill. They now prosecute this appeal, and assign the chancellor's decree as error.

J. M. CHILTON, and J. A. HOLMES, for appellants.—One claiming title under a sale in a mortgage must show that all prerequisites to a valid sale have been complied with; and in attacking such foreclosure, it is only necessary to allege generally the invalidity of the foreclosure.— *Wood v. Lake*, 62 Ala. 439; *Goldsmith v. Osborne*, 1 Edw. (N. Y.) 560; 2 Jones on Mort. § 1921. Before a foreclosure under a power of sale in a mortgage will be held operative, there must be either a deed, or such part performance as that either party could maintain a bill for specific performance.—Jones on Mort. § 1894; 82 Ala. 322; 84 Ala. 598; 71 Ala. 63; 68 Ala. 258; 69 Ala. 296. A foreclosure sale wanting in the element of good faith is void and will not bar the right of redemption.—2 Jones on Mort. § 1906; 42 N. Y. 89; 11 Paige (N. Y.) 619; 14 Allen (Mass.) 369; 129 Mass. 401.

SEMPLE & GUNTER, *contra.*—The evidence shows that there

was a valid foreclosure under the power of sale contained in the mortgage.—*Comer v. Sheehan*, 74 Ala. 458; *Harris v. Miller*, 71 Ala. 33; *Cooper v. Hornsby*, 71 Ala. 65; 2 Jones on Mort. § 953. A sale under a power in a mortgage cuts off the equity of redemption, though no deed is executed; and if the bid is accepted and relied on, and the immediate parties treat it as valid, neither the mortgagor nor any third person can plead the statute of frauds.—*Comer v. Sheehan*, 74 Ala. 458; *Cooper v. Hornsby*, 71 Ala. 62; *Mewburn v. Bass*, 82 Ala. 622; *Brunson v. Morgan*, 84 Ala. 598; *Hood v. Adams*, 124 Mass. 481; 2 Jones on Mortg. § 953.

CLOPTON, J.—The bill is filed by appellants, as the heirs of George W. F. Durden, against the administrators and heirs of Mills Rogers; and seeks to redeem the lands described from a mortgage executed by Durden to Rogers, January 13, 1873. Durden died in March, 1881, and Rogers in July, 1888. The bill is framed with a double aspect; the first being that there was never any foreclosure of the mortgage, an attempted sale under the power contained therein not having been consummated or carried into effect; and the second, that if there was such sale, the mortgagee became the purchaser at his own sale.

The evidence shows that Rogers sold the lands under the power of sale, on the third day of December, 1881, and that in its execution all the pre-requisites to a sale under the power were complied with; notices of the time, place and terms of sale were posted as required, and the sale was made at the place and in the manner prescribed in the mortgage—a regular sale. If it was made in good faith and carried into effect, it operated to cut off complainants' equity of redemption as effectually as a strict foreclosure by decree of a court of equity, unless the mortgagee became the purchaser, and the complainants have seasonably disaffirmed the sale, restoring the relation of mortgagor and mortgagee.—*Harris v. Miller*, 71 Ala. 33.

The first question then presented is, was Rogers the real purchaser at his own sale? The uncontradicted evidence shows, that Livingston bid off the lands at the sale at the amount due on the mortgage, for himself and Saddler, by previous arrangement between them, with which arrangement Rogers had nothing to do, except he agreed to give them reasonable time to make the payment. There was no other agreement or understanding with him in relation to the purchase of the lands. A few days thereafter, Livingston declined to take an interest in the lands, and Saddler, his co-purchaser, took upon

himself the entire bid. A short time afterwards, Saddler saw Rogers and told him that, as the lands did not join his, he would be unable to attend to them so as to pay the debt, and as Livingston had declined, he wished him to take the lands at the bid, to which Rogers agreed. The tenants in possession had rented the lands for 1881 from the mortgagor before his death. It is not shown that Rogers claimed or received any of the rent for that year, and all the tenants testify that he made no contracts for rent for 1882 until the first day of January, which evidently was after he had taken the lands from Saddler. Either Livingston or the tenants are mistaken, as to the time when Rogers rented the lands. Not only is the presumption in favor of the mortgagee's fulfillment of his trust, but the uncontradicted evidence of unimpeached witnesses clearly shows, that there was no arrangement or understanding by which the lands were to be purchased for Rogers, or that he would take them subsequently; that the sale was made in good faith to Livingston and Saddler, and was treated and acted on by Rogers and Saddler as valid; and that his re-purchase of the lands was not contemplated at the time of the sale. Unquestionably, had there been any previous arrangement for a reconveyance, the title would have been voidable; but the mortgagee's trust terminated on a sale being made in good faith to a third person, and he may purchase from him. 2 Jones on Mortg., § 1876. Livingston having declined to complete the purchase, so far as he was concerned, Saddler as a co-purchaser was not compelled to repudiate it, but could take the entire interest in the lands; and Rogers, having to apply the amount bid to the payment of the mortgage debt, could lawfully purchase from him, taking the lands in payment of the purchase-money.

But appellants further contend, that though the sale may have been regular, and a third person the purchaser, a consummated sale is essential to cut off the equity of redemption; and no deed having been executed, nor any part of the purchase-money paid and possession taken, so that either party could maintain a bill to compel specific performance, the right of complainants to redeem is the same as if there had not been an attempted foreclosure. This is not an open question in this State. It is well settled that, though the mortgage provides that the sale shall be for cash, an agreement of the mortgagee to allow time to the purchaser affords the mortgagor no ground of complaint. Such arrangement does not injure, but benefits him, its tendency being to enhance the price. The extent of his equity is to have credit for the sum bid as cash. *Mahone v. Williams*, 39 Ala. 202. Also, that the mortgagor

can not avail himself of the defense that the sale, resting in parol, is void under the statute of frauds. Such sale being voidable only, and this defense personal, it is obligatory on the mortgagee and the purchaser so long as they treat it as binding—a deed or note or memorandum in writing is not essential.—*Cooper v. Hornsby*, 71 Ala. 62. And in *Mewburn v. Bass*, 82 Ala. 622, the following propositions, it is said, are settled by the case last cited: "*First*. If a sale under a power in a mortgage is regular, even though no conveyance is made, it cuts off the equity of redemption, and reduces it to a mere statutory right. *Second*. If there be no writing signed to take the contract without the statute of frauds, only the mortgagee and the purchaser can take advantage of the omission. *Third*. The payment of the purchase-money is a matter between the mortgagee and the purchaser, which they can arrange to suit themselves. The mortgagee has no other interest, than that he obtain credit and benefit of the amount bid." The sale having been regular, and a third person the purchaser in good faith, all the objections urged are covered by the foregoing propositions, and it effectually cut off complainants' equity of redemption.

Affirmed.

