# Windes *v.* Russell.

### *Bill to Redeem From Mortgage Sale.*

(Decided May 6, 1907.   43 So. Rep. 788.)

1. *Mortgages; Sale Under Power; Purchase by Mortgagee; Validity.*—Where the best bidder at a mortgage sale of land declined to take the land and the mortgagee took it at the bid and credited the amount so bid on the mortgage and made a deed to the bidder under the power of the mortgage and the bidder reconveyed by deed to the mortgagee, the mortgagee was not a purchaser at his own sale in the absence of a showing that the bidder at the sale bid on an understanding with the mortgagee, and the mortgagee acquired a good title. It is immaterial whether the bidder wanted the land when he bid, or expected to buy it or whether he merely intended to start the bidding.

2. *Same; Burden of Proof.*—In a suit by a mortgagor to defeat the mortgage sale on the ground that the purchaser was the auctioneer the burden is on the mortgagor to establish that fact.

3. *Same; Inadequacy of Price.*—The mere inadequacy of the price paid for land at a mortgage sale will not defeat the sale or avoid it. .

APPEAL from Morgan Chancery Court.
Heard before Hon. W. H. SIMPSON.

40 R

Bill by James Windes against W. E. Russell. From a decree for defendant, complainant appeals. Affirmed.

E. W. GODBY, for appellant.—The court erred in not holding that Culver was not a purchaser and that the equity of redemption was not cut off.—*Raney v. Mc-Queen*, 121 Ala. 191. The court erred in not holding that the mortgagee was the real purchaser at the pretended sale.—*Thomas v. Jones*, 84 Ala. 304; *James v. James*, 55 Ala. 530; *Abbott v. American Hard Rubber Co.*, 33 Barb. 578; 11 Cyc. 1145. The inhibition against the mortgagee purchasing at his own sale extends to all officers authorized or required by law to conduct mortgage sales.—*Robinson v. Clark*, 17 Am. Dec. 266; *Woodbury v. Parker*, 47 Am. Dec. 697; *Harris v. McHenry*, 52 Am. Dec. 436; *Veazie v. Williams*, 8 How. 15; 9 Cyc. 510; 28 Cyc. 816; 9 Ency. P. & P. 510; 12 Ib. 58-9-60. The purchase by a crier is never upheld save at a fair price.—*Worlan v. Kimberlin*, 44 Am. Dec. 787. There was no variance.—*Gilchrist v. Gilmer*, 9 Ala. 989; *McLane v. Riddle*, 19 Ala. 587; *Montgomery v. Givan*, 24 Ala. 587; *Lanier v. Hill*, 25 Ala. 558; *Morrow v. Turney*, 35 Ala. 131; *Hartwell v. Whitman*, 36 Ala. 716; *Dudley v. Lindsey*, 50 Am. Dec. 523; *Miller v. Brown*, 23 Am. Dec. 692; *Deakin v. Underwood*, 5 Am. St. Rep. 828; 57 Am. Dec. 544; 21 Ib. 415; 46 Ib. 174; 37 L. R. A. 724; 49 Ib. 408. Any fancied variance was cured by defendant noting in evidence the mortgage.—*Leidig v. Rosson*, 29 Am. Dec. 536; *Driggs v. Dwight*, 31 Am. Dec. 285; *Wechselberg v. F. City Nat'l Bank*, 25 L. R. A. 474. Mesne profits and damages recovered by mortgagee at law must all be accounted for on redemption. —*Powell v. Williams*, 14 Ala. 485.

S. A. LYNN, for appellee.—If Culver had been the auctioneer and bid at the sale this would not have authorized the complainant to disaffirm the sale and redeem.—80 Am. Dec. 693. Third persons cannot question the sale, but only the principal.—*Veazie v. Williams*, 3 Storey, 611; 4 Cyc. 1047; *Flannery v. Jones*, 57 Am. St. Rep. 648. When the evidence leaves a disputed.

[Windes v. Russell.]

question of fact in a state of doubt and uncertainty, the fact cannot be regarded as established, and the issue must be found against the party on whom the onus rested.—*Garrett v. Garrett*, 64 Ala. 363. If a sale under a power in a mortgage is regular, even though no conveyance is made, it cuts off the equity of redemption and reduces it to a mere statutory right. If there be no writing to take the contract without the statute of fraud only the mortgagee and purchaser can take advantage of the omission. The payment of the purchase money is matter between the mortgagee and purchaser, the mortgagor having no interest other than he get credit and benefit of the amount bid.—*Newbern v. Bass*, 82 Ala. 628; 2 Jones on Mortgages, § 1876. The court's attention is especially called to the case of *Durden v. Whetstone*, 92 Ala. 483, as conclusive of this case. Inadequacy of price paid for the land at a mortgage foreclosure sale will not of itself avoid or affect a sale.— *Ward v. Ward*, 108 Ala. 278.

DENSON, J.—James Windes filed this bill, in which he alleges that W. E. Russell was the assignee of a mortgage given by complainant and his wife to Margaret McDaniel on certain lands in Morgan county; that Russell foreclosed the mortgage under the power of sale contained therein; that at the sale one Oliver, who was the auctioneer employed by Russell to cry off the lands, for and on behalf of Russell pretended to become the purchaser, and afterwards made a deed to Russell; and that Russell went into possession. The foreclosure sale is disaffirmed by the complainant, and he asks that Russell, as a mortgagee in possession, be made to account for the rents, and that complainant be allowed to redeem, or that the land be sold for the amount found to be due on the mortgage. There is no provision in the mortgage that the mortgagee may become the purchaser at a sale under the power. Russell in his answer denied that Culver was the auctioneer at the foreclosure sale, or that Culver purchased the land for him or on his behalf. He alleges that he made Culver a deed, and afterwards purchased the lands from him.

[Windes v. Russell.]

There is nothing in the record to sustain the allegation in the bill that Culver purchased at the foreclosure sale by an agreement or understanding with the respondent.  Both Culver and Russell make express denial of this under oath, and no testimony is found in the record in contradiction of theirs.  The testimony shows without conflict that Culver made a bid for the land when it was put up for sale, and that it was knocked off to him at his bid.  This made him the purchaser of the land, whether he wanted it when he made the bid, or expected to buy it, or whether he merely intended to start the bidding, expecting some one to raise his bid.  The mortgagee's trust terminates on a sale being made in good faith to a third person, and he may purchase from him.—2 Jones on Mortgages, § 1876.  After the sale, Russell, finding that Culver did not want the land, agreed to take it at his bid.  The amount bid by Culver was credited on the mortgage.  Russell, as mortgagee, made a deed to Culver, and Culver and wife made a deed to Russell.  A proceeding almost identical with that in this case has received the sanction of this court. —*Durden v. Whetstone,* 92 Ala. 483, 9 South. 176.  The case of *Rainey v. McQueen,* 121 Ala. 191, 25 South. 920, is distinguished from the case cited, and the facts of the case at bar place it within the influence of the *Durden-Whetstone Case.*

It is further claimed that, because Culver was the auctioneer who cried off the land at the foreclosure sale, the sale is therefore void.  The burden of proof on this contention was on the complainant.  He brings one witness, Culver himself, who says he was the auctioneer. Another witness, Bowers, testified that Culver was not the auctioneer, but that one Will Turney was.  Other persons are mentioned as having been present at the sale, but they were not called to testify on this point. This leaves the matter in a state of doubt, which must be determined against the party having the burden of proof.

It is argued further that the sale ought to be set aside because the bid of Culver at the sale was grossly inadequate.  Mere inadequacy of price, without more, will

[Huddleston. et al. v. Perryman & Co.]

not avoid the sale.—*Ward v. Ward,* 108 Ala. 278, 19 South. 354.

Our conclusion is that the complainant failed to make out his case by the testimony, and the decree of the chancellor must be affirmed.

Affirmed.

Tyson. C. J., and Haralson and Simpson, JJ., concur.