MOHA, Appellant, vs. HUDSON BOXING CLUB, Respondent.

*November 16—December 5, 1916.*

*Contracts: Performance: Boxing contest: Foul blow.*

One who contracted to box ten rounds under certain rules, but in
the second round, in violation of those rules, struck a foul blow
which disabled his opponent and thus made substantial perform-
ance of the contract impossible, cannot recover the contract
price of his services, even though the violation of the rules was
not deliberate.

APPEAL from a judgment of the circuit court for St. Croix
county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Plaintiff is a professional boxer and sues the defendant to
recover twenty-two and one-half per cent. of the gross receipts
of a boxing contest held under the management of the club
December 4, 1914, at Hudson, Wisconsin. The contract was
in writing and provided in substance that the plaintiff should
box Mike Gibbons of St. Paul ten rounds "to a no decision"
at the defendant's boxing arena, receiving as consideration
therefor twenty-two and one-half per cent. of the gross re-
ceipts together with certain transportation and hotel expenses,
he to deposit with a named stakeholder $100 to guarantee that
he would make the weight specified in the contract, which
sum, in case of his failure to appear or enter the contest, was
to belong to the defendant; that the revised Queensbury rules,
as interpreted by the referee and in compliance with the laws
of this state and the rules of the state athletic commission,
should govern the contest; that the referee should be George
Duffy of Milwaukee; that if the referee should decide at any
time that the plaintiff did not enter the contest in good faith,
or if he discover bad faith on the part of either of the con-
testants, he may stop the contest and the defendant should
not pay to either contestant any part of their compensation,
unless the referee believes that the other contestant was not a
party to the fraud, in which case he may award to such inno-

cent party such sum as he deems just; that the referee's decision shall be final as to fouls and as to frauds, and as to the amount he may award in case of frauds.

It appeared on the trial that the contest began, and that during the second round the referee decided that the plaintiff had struck a foul blow, *i. e.* a blow below the belt, and stopped the contest. Neither side introduced in evidence the revised Queensbury rules, nor the rules of the state athletic commission, but the referee testified that the rules prohibit the striking of a foul blow and that he stopped the contest because the other man was disabled by the foul blow. There was some testimony by spectators to the effect that the referee decided that the plaintiff was disqualified for deliberate fouling, but the referee denied this, and the jury found in answer to the single question submitted to them that the referee did not decide and announce that the plaintiff was disqualified for a deliberate foul. The plaintiff attempted to prove by the referee that, in case a contest of this kind is stopped at any time, even as early as the second round, by one of the boxers being knocked out or being disabled by an accidental foul, it was customary among the boxing profession to consider it a contest notwithstanding that fact, but the testimony was not admitted. The trial court held that the plaintiff had failed to perform his contract and hence could not recover. From this judgment plaintiff appealed.

For the appellant there was a brief by *Hannan, Johnson & Goldschmidt,* and oral argument by *William F. Hannan.*

*Spencer Haven,* for the respondent.

WINSLOW, C. J. Plaintiff sues to recover the contract price of his professional services. In order to succeed he must show at least substantial performance of his contract. It is certain that there has been none here. He contracted to box ten rounds under certain rules. At the outset of the contest, in the middle of the second round, he violated one of

the rules and as a result thereof disabled his opponent and thus by his own act made substantial performance impossible. Whether this act was deliberate or not cuts no figure. It was an act which he had contracted not to do, and it prevented performance. *Jennings v. Lyons,* 39 Wis. 553. It does not seem necessary to consider other questions; the considerations suggested are decisive.

*By the Court.*—Judgment affirmed.