(82 South. 478)
## IRBY v. COMMERCIAL NAT. BANK.
(4 Div. 816.)

(Supreme Court of Alabama. May 22, 1919. Rehearing Denied June 30, 1919.)

1. MORTGAGES &#9737;591(2)—FORECLOSURE—REDEMPTION—POWER OF SALE.

Foreclosure of mortgage in strict compliance with the power of sale cuts off equity of redemption as fully as a foreclosure by a decree of court.

2. MORTGAGES &#9737;378—FORECLOSURE—EXTINGUISHMENT OF INDEBTEDNESS.

Where amount paid by purchaser at mortgage foreclosure sale was the full amount due upon mortgage indebtedness, the indebtedness was extinguished and the relation of mortgagor and mortgagee terminated.

3. MORTGAGES &#9737;369(2) — FORECLOSURE — SETTING ASIDE.

Mortgage foreclosure, in strict compliance with power of sale given by mortgage, will not be set aside upon mere ground that mortgagee caused mortgage to be foreclosed for purpose of evading the defense that the mortgage debt was usurious.

4. USURY &#9737;146—EFFECT—FORFEITURE.

The penalty for usury in Alabama is not a forfeiture of the principal, but only a forfeiture of all interest; the principal debt being unaffected thereby.

Sayre, J., dissenting.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by Ray G. Irby against the Commercial National Bank. Decree sustaining demurrer to bill, and complainant appeals. Affirmed.

---

The original bill was filed by appellant, seeking the redemption of certain real estate described in the mortgage executed by the appellant to appellee on May 27, 1912, a copy of which mortgage is made an exhibit to the bill.

The bill charged there was usurious interest in the mortgage debt, and sought its elimination, praying for a reference to the register for an accounting, etc., and offer on the part of the complainant to do equity.

Respondent filed an answer denying there was any usurious interest charged in said mortgage indebtedness, and setting up that said mortgage was given by the complainant ·to the respondent to secure the purchase price of $12,340.79, paid by complainant as a purchaser at a foreclosure sale under the power contained in a certain mortgage previously executed on said property by the complainant's father, L. E. Irby, to one Stella Guice, which mortgage had been duly transferred to the respondent. Attached to the answer and cross-bill was Exhibit B, which was the foreclosure deed made to complainant at the time of the purchase under the foreclosure sale. The answer was prayed to be taken also as a cross-bill, and that said mortgage be foreclosed by decree of the court.

After the taking of considerable testimony by the parties, the complainant offered an amendment to the bill, setting up, in substance, as follows: That Ray G. Irby as administrator of the estate of L. E. Irby, deceased, be made a party complainant to the proceedings; that L. E. Irby, now deceased, in October, 1909, borrowed from one Stella Guice the sum of $8,876.20, evidenced by four promissory notes, due at various times, and which were secured by a mortgage on the real estate described and set forth in Exhibit A to the original bill, which mortgage was transferred very soon thereafter to the respondent bank. It is further averred that, while in form the transaction was a loan by said Stella Guice, yet in substance it was a loan by the Commerical National Bank to said L. E. Irby, that said mortgage indebtedness of L. E. Irby to respondent bank was infected with usury, and that the usurious interest had accumulated to a large amount, and formed a substantial part of the mortgage debt at the time of the said foreclosure sale. It is then averred that the respondent bank wanted to hide the usury in such way as complainant, as administrator of the estate of L. E. Irby, could not successfully assert a plea of usury against said debt, and that said bank and complainant agreed that said mortgage should be foreclosed, and complainant was to bid at said sale the sum due by said L. E. Irby on the mortgage indebtedness, and, in the event complainant bid in said property as the highest bidder at said sale, it was agreed that he was not to pay cash to said

bank for the price so bid, but said bank was to take his note and mortgage on the same real estate; that said mortgage was foreclosed on May 27, 1912, and complainant, pursuant to said agreement and in accord with the information given him by the bank, bid the sum of $12,340.79, being the total amount, as he was informed, due by L. E. Irby to the bank, together with some other small items claimed to be due said bank by complainant; that on the same day a deed was executed, conveying to complainant the real estate, under the purported power contained in said mortgage, the consideration named in said deed being $12,340.79; that on the same day the complainant executed the note and mortgage back to said bank for $12,574.74, being the amount bid at said foreclosure sale, together with the sum of $233.-95, a portion of said difference being a part of the foreclosure expenses which had been omitted from the bid price.

The bill charged that the real purpose of the proposed foreclosure of the said L. E. Irby mortgage, and agreement to resell to complainant, was to hide the usury contained in the said L. E. Irby indebtedness, and that, as a matter of fact, the debt remained the same, and was carried forward in said mortgage made by complainant, which is Exhibit A to the bill. The bill then sets up certain payments made by complainant, R. G. Irby, on the mortgage indebtedness (Exhibit A).

The prayer of the amended bill was that the court decree the foreclosure proceedings of the said L. E. Irby mortgage were but a device to hide the usury charged in L. E. Irby's indebtedness (Exhibit A to the original bill), and that in equity and substance it was a mere renewal or carrying forward of said indebtedness, and that said foreclosure proceedings be set aside and held for naught. The bill as amended sought an accounting, elimination of all interest, etc.

The respondent demurred to the amendment, and to the bill, as amended, upon numerous grounds, in substance, that the amendment constitutes a departure from the case made by the original bill; that the original bill affirmed the foreclosure sale of the L. E. Irby mortgage, and the amendment seeks to set aside said foreclosure sale; that the amendment makes the cause multifarious, and introduces a new party as the personal representative of L. E. Irby, deceased, who has no interest in common or privity with R. G. Irby, individually, the original complainant. Further, that any right on the part of Irby, as personal representative, to redeem or plead usury in the said Guice mortgage was abandoned and waived by his failure to do so before said mortgage was foreclosed, and because the foreclosure of said mortgage and the purchase at said sale by R. G. Irby, individually, for the full amount

due thereon, constituted payment and satisfaction of said Guice mortgage, and any usury in said mortgage is not now available to either R. G. Irby individually or to him as personal representative; that usury in the mortgage debt of L. E. Irby to Stella Guice —which was transferred to and foreclosed by the respondent—does not render usurious the mortgage given by complainant, R. G. Irby, to said respondent in settlement of the purchase price paid by said R. G. Irby at said foreclosure sale; and, further, that the facts set up in the amended bill as a basis for the prayer that the foreclosure proceedings be set aside would not constitute either fraud or any other ground that in law or in equity would warrant the setting aside of said foreclosure sale and deed. The demurrer was sustained, and from the decree sustaining the demurrer the complainant prosecutes this appeal.

A. H. Merrill & Sons, of Eufaula, for appellant.

McDowell & McDowell, of Eufaula, and Jones, Thomas & Field, of Montgomery, for appellee.

GARDNER, J. It is first insisted on the part of counsel for appellee that, notwithstanding our liberal statutes of amendment (Gen. Acts 1915, p. 706), the amendment offered by complainant in this cause does not come within its influence, in that it is not germane, and departs from the case as made by the original bill, introducing a new cause of action and inconsistent therewith, citing Ward v. Patton, 75 Ala. 207.

It may be conceded that this insistence presents a serious question, but as this involves a matter of procedure and practice we prefer, under the circumstances here presented, to rest our conclusion upon the substantial question in the cause affecting the rights of the parties. We therefore pass from the question of pleading to a consideration of the question of prime importance on this appeal.

[1, 2] The original bill was filed by Ray G. Irby individually to redeem from a mortgage executed on May 27, 1912, by him to Commercial National Bank—to which as an individual he claimed title through a purchase and foreclosure deed executed to him as a purchaser at the foreclosure sale of said date of a mortgage from his father, L. E. Irby, to one Stella Guice, which mortgage had been previously transferred to the respondent. The regularity and entire validity of the foreclosure proceedings of the L. E. Irby mortgage are in no manner here attacked. The foreclosure, therefore, in strict compliance with the power of sale given in the mortgage, cut off the equity of redemption as fully as a foreclosure by decree of the court. Am. Freehold Land & Mtg. Co.

v. Sowell, 92 Ala. 163, 9 South. 143, 13 L. R. A. 299. The sum bid at the foreclosure sale was the full amount due upon said mortgage indebtedness, and therefore extinguished the same (Harris v. Miller, 71 Ala. 26; Durden v. Whetstone, 92 Ala. 480, 9 South. 176), and terminated the relation of mortgagor and mortgagee (Jackson v. Tribble, 156 Ala. 480, 47 South. 310; Ramsey v. Sibert, 192 Ala. 176, 68 South. 346).

The amended bill alleges that a large part of the L. E. Irby mortgage indebtedness was usurious; but, in order that this may be set up, the complainant recognizes, of course, that the foreclosure sale must be set aside and held for naught. No irregularity or invalidity is shown in regard to the foreclosure proceedings, but it is charged that the mortgagee foreclosed for the purpose of evading the usury in the mortgage indebtedness, and agreed that should complainant, as one of the heirs of the mortgagor, purchase the property at the foreclosure sale, the bid price should equal the mortgage debt, and that said complainant should execute his note and mortgage as security for the same.

[3] It is to be remembered, however, that in the foreclosure proceedings the mortgagee was in the exercise of a lawful right, and the foreclosure was proceeded with in a perfectly lawful manner. The mortgagee, under the terms of the mortgage, could have become a purchaser at the foreclosure sale. We are therefore unable to see what injury could have resulted by any secret motive on the part of the mortgagee to foreclose the mortgage in order to shut off any defense to the usury contained in the debt. No fraud or unfair dealing is charged, but, on the contrary, there is shown a perfectly regular and valid foreclosure proceeding, which is sought to be set aside upon the averment that it was had for the purpose of evading the usury. This we think is entirely insufficient.

[4] The penalty for usury in this state is not a forfeiture of the principal, but only a forfeiture of all interest, the principal debt being unaffected thereby. The question in Hodges Bros. v. Coleman & Carroll, 76 Ala. 103, "Can human tribunals set aside a transaction, lawful in itself, because the actors had an evil mind in doing it?" there answered in the negative, has also application in the instant case.

There was no continuation of the mortgage debt, but an extinguishment thereof, and a new note and mortgage executed by complainant, who was not a party to the L. E. Irby mortgage, but who was one of the heirs of the mortgagor. The case of Lewis v. Hickman, 77 South. 46,[1] is not at all out of harmony with the conclusion here reached, as in that case the transactions were all between the same parties, and it was held

---

[1] 200 Ala. 672.

that the relation of mortgagor and mortgagee continued to exist. No such situation is disclosed by the bill in the instant case, but, in fact, the relation was terminated by a valid and regular foreclosure of the mortgage and subsequent transactions with the purchaser at the sale, who was not the mortgagor and whose only relation was that of heir of the deceased mortgagor.

We do not think that the above insistence is supported by authority or good reasoning, and we are therefore of the opinion that the demurrer was properly sustained to the bill as amended. The bill shows the foreclosure was had and the purchase made by the complainant, the deed executed by him, and his note and mortgage given for the purchase price, all with his full acquiescence, and in compliance with his agreement; and, as previously shown, the purchase price being the sum due, the foreclosure of the mortgage satisfied the mortgage debt.

It has been held in some jurisdictions that under such circumstances the complainant would be precluded from insisting on usury to defeat the foreclosure sale. Tyler v. Mass. Mut. Ins. Co., 108 Ill. 58; Edgell v. Ham, 93 Fed. 759, 35 C. C. A. 584; Jones on Mortgages, vol. 1 (17th Ed.) § 646. But we need not enter into a consideration of this phase of the case, as what we have previously said sufficiently discloses our conclusion that the demurrer was properly sustained for the reasons above stated.

We are of the opinion, therefore, that the decree of the court below sustaining the demurrer to the bill as amended is correct, and should be affirmed.

Affirmed.

All the Justices concur, except SAYRE, J., who dissents.