166 So. 33

## DENSON et al. v. PROVIDENT MUT. LIFE INS. CO.

### 6 Div. 755.

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

W. A. Denson, of Birmingham, for appellants.

Edmund H. Dryer, of Birmingham, for appellee.

576

**GARDNER, Justice.**

The bill discloses that the mortgage on complainants' realty was duly foreclosed by the mortgagee defendant pursuant to the power of sale therein contained. Such sale cut off the equity of redemption, and vested in the purchaser the legal title, leaving in the complainants only the statutory right of redemption. Allison v. Cody, 206 Ala. 88, 89 So. 238; Irby v. Commercial National Bank, 203 Ala. 228, 82 So. 478.

Such a right is not property or a property right, but a privilege merely (section 10156, Code 1923; Allison v. Cody, supra) to be exercised by the proper party in the mode prescribed by statute.

There is no pretense in the bill that complainants seek the exercise of this statutory right. It contains no averment even suggesting any such theory, and no such argument is advanced in brief. The equity of the bill, therefore, upon such a theory may be disregarded.

The remaining theory for the bill's equity must rest, it seems, upon complainants' right to have the foreclosure sale set aside and thus obtain the reinstatement of the equity of redemption as it existed before the foreclosure, which, of course, leads to the payment of the mortgage debt. Fortson v. Bishop, 204 Ala. 524, 86 So. 399.

Clearly the special prayer of the bill is not consistent with any such theory, being in effect that a decree be entered "protecting the complainants from the loss of their property under said mortgage sale," followed by a general prayer for relief.

There is a general averment to the effect that the property sold for a grossly inadequate price (Irby v. Commercial National Bank, 203 Ala. 228, 82 So. 478; Harmon v. Dothan National Bank, 186 Ala. 360, 64 So. 621; Dinkins v. Latham, 202 Ala. 101, 79 So. 493; Hayden v. Smith, 216 Ala. 428, 113 So. 293), neither the purchase price nor value of the property being named. But this averment is not made with any purpose of setting aside the foreclosure for the exercise of the equity of redemption. It is not denied there was indebtedness due on the mortgage, and no intimation in the bill of an offer to pay what is found to be due upon such redemption. The averment of inadequacy of the price is made only in reference to the general economic condition prevalent throughout the country as to the increase of the purchase power of the dollar, brought about by the creditor class, for the purpose of taking over the property of the debtor class, defendant being of the former class and one of the participants.

But confessedly the matter of the regulation of the purchasing power of the dollar is under the Federal Constitution (article 1, § 8, cl. 5) a function of Congress, and the averment that Congress omitted its duty and has permitted the creditor class to exercise this function adds no force, for it is a power conferred upon Congress alone, and which it could not even delegate to the states. Norman v. Baltimore & Ohio R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352.

Complainants in this connection insist, therefore, that they have in this manner been hindered in the performance of this part of the contract, which is thereby excused, citing 6 R.C.L. 1020; 13 Corpus Juris 647; Bob Moha v. Hudson Boxing Club, 164 Wis. 425, 160 N.W. 266, L.R.A. 1917B, 1238; Hooser v. Thraves (Tex.Civ. App.) 25 S.W.(2d) 678; Little v. Fleishman, 177 N.C. 21, 98 S.E. 455, 458; Broom's Legal Maxims (7th Ed.) 279.

We are unable to understand, however, that in any event the principle of these authorities is here applicable. Complainants' mortgage has been duly foreclosed, with no charge of irregularity in the sale. There is left in complainants only a privilege, a statutory right of redemption, here not sought to be exercised. Conceding all that, complainants claim they are rendered less able to procure the money for the exercise of such a statutory right, nothing more. Nor, as before stated, does the bill rest upon any theory of the exercise of the equity of redemption by setting aside the foreclosure sale.

Our conclusion is the bill is without equity. The chancellor sustained the demurrer and dismissed the bill upon the theory that it presented no amendable defect. We are in accord with this view. Shaup v. Grand International Brotherhood, etc., 223 Ala. 202, 135 So. 327; Beatty v. Brown, 101 Ala. 695, 14 So. 368; Birmingham Interurban Taxicab Service Corp. v. McLendon, 210 Ala. 525, 98 So. 578; Gardner v. Knight, 124 Ala. 273, 27 So. 298; Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986.

The decree is accordingly here affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.

On Rehearing.

GARDNER, Justice.

The original opinion treats as the only bases for relief, as sought by the bill, either the exercise of the statutory right of redemption or the setting aside of the foreclosure sale, so that complainants may exercise the equity of redemption, and the conclusion reached that the bill was without equity upon either theory.

Upon reconsideration, we have again reviewed the averments of the bill (the salient features of which appear in the report of the case), and we are still of the view that such treatment of the bill is correct, and that no other remedy, under the allegations of the bill, treated as well pleaded, and amendable as to any defects therein, is available to complainants under the laws of this state, as to the protection of said property therein described. We may add, also, that, in our opinion, there is disclosed no denial to complainants of any rights guaranteed under either the Federal or State Constitutions.

So much is said in response to application of complainants on rehearing, and is merely an elaboration of our original holding. Entertaining the view that our original consideration of the cause is correct, the application for rehearing will be denied.

Application overruled.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.